[Cite as *State v. Arrunategui*, 2013-Ohio-1525.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26547 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JIMMY A. ARRUNATEGUI | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. CR 2010 05 1197 |

DECISION AND JOURNAL ENTRY

Dated: April 17, 2013

HENSAL, Judge.

{¶1} Plaintiff-Appellant, State of Ohio, appeals from the trial court's decision that granted Defendant-Appellee, Jimmy A. Arrunategui's, motion to withdraw his guilty plea. For the reasons set forth below, this Court reverses.

I.

{¶2} On September 8, 2010, Arrunategui pled guilty to one count of possession of cocaine. Prior to sentencing, he stated on the record that he was a permanent resident of the United States. The court advised Arrunategui pursuant to Revised Code Section 2943.031(A) that, "if you're not a citizen of the United States, you are hereby advised that as a conviction to the event (sic) which you are pleading may have the consequence of deportation, exclusion from admission to the United States or denial of naturalization pursuant to the laws of the United States." Arrunategui stated that he understood the advisement, and was sentenced.

{¶3} After completion of his sentence, Arrunategui was served with an Immigration and Customs Enforcement (ICE) arrest warrant. He filed a motion pursuant to Criminal Rule 32.1 to set aside the judgment of conviction and withdraw his guilty plea on the basis of ineffective assistance of counsel, which was granted by the trial court.

{¶4} The State now appeals the decision of the trial court to allow Arrunategui to withdraw his plea, and raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN GRANTING THE MOTION TO WITHDRAW THE PLEA.

{¶5} In its sole assignment of error, the State argues that the trial court erred in granting Appellee's motion to withdraw his guilty plea as Arrunategui was not prejudiced by his counsel's failure to advise him of the likelihood of deportation since he was notified of the possibility by the court pursuant to Revised Code Section 2943.031(A).

{¶6} It is within the trial court's sound discretion whether to grant a motion to withdraw a plea. *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). "An appellate court reviews a trial court's decision on a motion to withdraw a plea under an abuse-of-discretion standard." *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 32. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An appellate court may not substitute its judgment for that of the trial court when reviewing a matter pursuant to this standard. *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

{¶7} Section 2943.031(A) requires that in certain circumstances, the court must advise a defendant on the record about possible immigration consequences and ascertain if the

defendant understands the advisement. Section 2943.031(F) states that: "[n]othing in this section shall be construed as preventing a court, in the sound exercise of its discretion pursuant to Criminal Rule 32.1, from setting aside the judgment of conviction and permitting a defendant to withdraw his plea."

{¶8}    In the motion to withdraw his guilty plea, Arrunategui argued that the failure of his former attorney to inform him of the likelihood of deportation constituted ineffective assistance of counsel.  He does not dispute that the trial court correctly gave the advisement required by Section 2943.031(A) at the plea/sentencing hearing.  Arrunategui instead argues that the advisement does not cure the prejudice he experienced as a result of counsel's deficient performance.

{¶9}    The Sixth Amendment right to the effective assistance of counsel is applicable to plea negotiations.  *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376, 1384 (2012).  In order to prove a claim of ineffective assistance of counsel, Arrunategui must demonstrate that counsel's performance fell below an "objective standard of reasonableness" and he was prejudiced by the performance.  *State v. Chapman*, 9th Dist. No. 26175, 2013-Ohio-357, ¶ 43, quoting *State v. Reynolds*, 80 Ohio St.3d 670, 674 (1998).

{¶10}   Arrunategui submitted an affidavit from his former counsel who stated she did not advise him of the deportation consequences of his conviction.   The trial court relied upon the United States Supreme Court case of *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473 (2010) to find that Arrunategui's counsel was required to advise him of the likelihood of deportation and that failure to do so violated his right to the effective assistance of counsel.  While the State distinguishes *Padilla* from the case sub judice by arguing that the U.S. Supreme Court remanded the matter to decide whether the defendant was prejudiced by counsel's actions, the

clear holding of the case was that counsel must inform the client whether the plea carries a risk of deportation. *Id*. at 1486. Given the holding in *Padilla*, the trial court did not abuse its discretion in finding that the performance of Arrunategui's counsel failed to meet the professional competency standards required by the Sixth Amendment.

{¶11} The State further argues that any defendant notified of the risk of deportation by virtue of the advisement provided in Revised Code Section 2943.031(A) cannot demonstrate prejudice sufficient to establish an ineffective assistance of counsel claim. To prove that he was prejudiced by counsel's performance, Arrunategui must establish there was a reasonable probability that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 1409 (2012), quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

{¶12} The transcript from the plea/sentencing hearing and the affidavit of former counsel were the only items submitted with Arrunategui's motion to withdraw his plea. He did not submit his own affidavit in support of the motion. Counsel's affidavit stated that:

> It is my understanding that Mr. Arrunategui did not know that pleading guilty to the drug charge would trigger deportation consequences.

> It is also my understanding that Mr. Arrunategui would not have plead (sic) to the charge had he known his immigration consequences.

This Court finds that the statements contained therein, which are based on assumptions of what Arrunategui would have done rather than personal knowledge, are insufficient to conclusively establish that he would not have pled guilty and would have insisted on going to trial. While the trial court found that Arrunategui was prejudiced, it did not elaborate on how it reached that conclusion other than to reason that compliance with Section 2934.031 cannot cure counsel's deficient performance.

**{¶13}** Arrunategui's motion was filed pursuant to Criminal Rule 32.1, which provides that: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "Manifest injustice" is a "clear or openly unjust act" that is a "miscarriage of justice or is inconsistent with the demands of due process." *State v. Ford*, 9th Dist. No. 26260, 2012-Ohio-4028, ¶ 5, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998). "An evidentiary hearing on a post-sentence motion to withdraw a guilty plea is not required if the 'record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice.'" *State v. Razo*, 9th Dist. No. 05CA008639, 2005-Ohio-3793, ¶ 20, quoting *State v. Russ*, 8th Dist. No. 81580, 2003-Ohio-1001, ¶ 12.

**{¶14}** While former counsel's affidavit does not prove that Arrunategui was prejudiced by the deficient performance, the affidavit and eventual consequence suffered by Arrunategui sufficiently allege that manifest injustice may have occurred so as to warrant a hearing on the motion to enable the necessary finding of prejudice. "There is no specific requirement to hold a hearing in this situation. However, it sometimes is difficult for an appellate court to review a trial court's ruling on a motion to withdraw a plea to determine whether an abuse of discretion occurred when no hearing was held." *Francis* 2004-Ohio-6894 at ¶ 50. "In some situations when a hearing should have been held, a trial court's failure to have held a hearing amounts to an abuse of discretion." *Id*. at ¶ 51.

**{¶15}** While the State argues that compliance with Revised Code Section 2943.031(A) in and of itself prevents Arrunategui from successfully proving he was prejudiced by counsel's performance, this Court will not go so far as to hold that compliance with that statute is always

determinative of the issue of prejudice when a defendant claims ineffective assistance of counsel. In this case, however, the Court finds that the trial court abused its discretion in granting Arrunategui's motion without a hearing to determine whether he was prejudiced by counsel's deficient performance. Accordingly, the State's only assignment of error is sustained and the trial court order granting Arrunategui's motion to withdraw his plea is vacated. Arrunategui's plea and conviction remain valid.

### III.

{¶16} The State's only assignment of error is sustained. The judgment of the Summit County Court of Common Pleas granting Appellee's motion to withdraw his plea is reversed and the matter is remanded to the trial court for a hearing on Arrunategui's motion to withdraw his guilty plea.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
CONCURRING.

{¶17} Based upon the unique circumstances of this case, I agree that it is appropriate to remand this matter to the trial court to conduct a hearing on Mr. Arrunategui's motion. The affidavit submitted by Mr. Arrunategui's counsel is somewhat problematic. The affidavit states that

> [i]t is my understanding that Mr. Arrunategui did not know that pleading guilty to the drug charge would trigger deportation consequences.
>
> []It is also my understanding that Mr. Arrunategui would not have plead to the charge had he known his immigration consequences.

As noted by the main opinion, trial counsel's affidavit could be read to mean that trial counsel is assuming that Mr. Arrunategui did not know the deportation consequences of his plea and would not have pled had he known the consequences. However, the language could also be read to indicate that Mr. Arrunategui would not have pled and would instead have chosen to go to trial if he was aware of the immigration consequences, that he informed trial counsel of the same, and, thus, such was her understanding. There is nothing in the record to contradict that. Thus, Mr. Arrunategui's averments are sufficient to warrant a hearing on his motion, and, given the problematic nature of the affidavit, I agree that it is appropriate to remand the matter to the trial court to conduct a hearing.

**{¶18}** However, I also write separately to note that, given the lawyer's failure to inform Mr. Arrunategui of the mandatory deportation consequences of his plea, it is not surprising that the trial court would have determined that a manifest injustice occurred, thereby warranting vacation of the plea. However, Mr. Arrunategui specifically alleged that his counsel was ineffective, which added an additional layer of analysis under *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 1484, 1486 (2010). In advancing an ineffective assistance of counsel argument, Mr. Arrunategui would need to establish that his counsel was deficient and that he was prejudiced. *Id.* at 1482. Here, there is no question that trial counsel's performance was deficient in light of *Padilla*. *See id.* at 1486. Mr. Arrunategui's trial counsel failed to even inform him that his plea *could* result in deportation, let alone inform him that it was nearly certain that his plea would result in deportation. *See id.* at 1483 (noting that removal is mandatory for all controlled substance convictions except for minor marijuana possession offenses and that when the deportation consequences of a conviction are clear, counsel's advice must be equally clear). As to whether Mr. Arrunategui was prejudiced by his counsel's failure to inform him of the inevitable consequences of his plea, it would seem that such a failure is inherently prejudicial. Although in *Padilla*, the Supreme Court remanded the matter to the state court to determine whether prejudice had occurred*, see id*. at 1487, it recognized that deportation can be the most important part of the penalty that a noncitizen defendant faces upon pleading guilty. *Id.* at 1480. Thus, the Court seemed to suggest that establishing the prejudice prong under such circumstances is not onerous. *See id.* at 1483. While it is difficult to envision a situation in which mandatory deportation would not be prejudicial to a particular defendant, because of the problematic wording of the affidavit, I agree that it is appropriate to remand the matter for a hearing under the circumstances.

WHITMORE, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶19} Although I agree that the case must be reversed, I would not remand the matter for a hearing. Instead, I would conclude that the trial court erred by granting Arrunategui's motion to withdraw his plea because the record demonstrates that he failed to satisfy the manifest injustice standard. Therefore, I would sustain the State's sole assignment of error and order Arrunategui's conviction reinstated. As such, I concur in part and dissent in part.

{¶20} "Under the manifest injustice standard, a post-sentence 'withdrawal motion is allowable only in extraordinary cases.'" *State v. Brown*, 9th Dist. No. 24831, 2010-Ohio-2328, ¶ 9, quoting *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). To withdraw his plea based on the ineffective assistance of his trial counsel, Arrunategui was required to demonstrate both that (1) his counsel's performance was deficient, and (2) a reasonable probability existed that "but for his counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *State v. Evans*, 9th Dist. No. 09CA0049-M, 2010-Ohio-3545, ¶ 4. I agree that Arrunategui proved his counsel's performance was deficient. I would conclude, however, that he failed to prove that he was prejudiced as a result of the deficiency.

{¶21} Arrunategui conceded in his motion to withdraw that the trial court complied with R.C. 2943.031 during his plea hearing. Consistent with that statute, the trial court advised Arrunategui that his conviction "may have the consequence of deportation * * *." The court then asked Arrunategui if he understood, and Arrunategui responded affirmatively. Nevertheless, Arrunategui argues that he was unaware of the consequences of a guilty plea because his counsel never discussed the possibility of deportation with him. Arrunategui's trial counsel attested in an affidavit that she did not advise Arrunategui that his plea and conviction could result in deportation prior to or during his plea.

**{¶22}** This is not a case where trial counsel gave improper or misleading advice about the possibility of deportation. *See, e.g., State v. Yahya*, 10th Dist. No. 10AP-1190, 2011-Ohio-6090, ¶ 14-17 (hearing on motion to withdraw necessary when appellant alleged that, before the court's explanation about the possibility of deportation, trial counsel led her to believe she would not be deported). Rather, it is a case where trial counsel failed to offer any advice about the possibility of deportation. Several courts have held that, in such cases, a defendant cannot demonstrate prejudice as a result of his or her counsel's failure to advise when the record reflects that the court complied with R.C. 2943.031 at the plea hearing. *See State v. Ikharo*, 10th Dist. No. 10AP-967, 2011-Ohio-2746, ¶ 19-20; *State v. Gallegos-Martinez*, 5th Dist. No. 10-CAA-06-0043, 2010-Ohio-6463, ¶ 35-36. *See also State v. Velazquez*, 8th Dist. No. 95978, 2011-Ohio-4818, ¶ 27-28. I would adopt the rationale of our sister districts.

**{¶23}** Because the trial court notified Arrunategui of the possibility of deportation at his plea hearing and Arrunategui indicated that he understood the court's notification, I would conclude that Arrunategui was not prejudiced by his counsel's failure to advise him of the possibility of deportation. *See Ikharo* at ¶ 19-20; *Gallegos-Martinez* at ¶ 35-36. *See also State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 28-29 (9th Dist.) ("[E]ven assuming that trial counsel failed to personally advise appellant of possible deportation[,] * * * appellant was properly advised by the trial court that he could *possibly* be deported to the Republic of Georgia if he pleaded guilty, * * * and therefore trial counsel was not ineffective on this ground."). The court's notification put him on notice that deportation was a possibility. Nevertheless, Arrunategui proceeded to enter his plea and serve his entire sentence before seeking to withdraw it. *See State v. Gordon*, 9th Dist. No. 25911, 2012-Ohio-902, ¶ 9, quoting *Smith*, 49 Ohio St.2d at paragraph three of the syllabus ("Undue delay in a defendant's Crim.R 32.1 motion to

withdraw is a factor 'militating against the granting of the motion.'"). The record does not support the conclusion that this was an "extraordinary case" justifying the post-sentence withdrawal of Arrunategui's plea. *Brown*, 2010-Ohio-2328, at ¶ 9, quoting *Smith*, 49 Ohio St.2d at 264.

{¶24} Because the trial court erred by granting Arrunategui's motion to withdraw, I would sustain the State's sole assignment of error and order Arrunategui's conviction reinstated. Thus, I concur insofar as I agree that this Court must reverse the trial court's judgment, but dissent as to the remainder of the opinion.


APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellant.

TANIA NEMER, Attorney at Law, for Appellee.