[Cite as *State v. Kostyuchchenko*, 2014-Ohio-324.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | APPEAL NO. C-130257 |
| | | | TRIAL NO. B-1007107 |
| Plaintiff-Appellant, | : | | |
| vs. | : | | *O P I N I O N.* |
| EVGENIY KOSTYUCHENKO, | : | | |
| Defendant-Appellee. | : | | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  January 31, 2014


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Suhre & Associates, LLC,* and *Joseph B. Suhre IV*, for Defendant-Appellee.


Please note:  we have removed this case from the accelerated calendar.

Per Curiam.

{¶1}   Plaintiff-appellant the state of Ohio presents on appeal a single assignment of error, challenging the Hamilton County Common Pleas Court's judgment granting defendant-appellee Evgeniy Kostyuchenko's Crim.R. 32.1 motion to withdraw his guilty plea.  The court granted the motion upon its determination that Kostyuchenko's trial counsel had been ineffective in failing to accurately advise Kostyuchenko concerning the immigration consequences of his plea.  Upon our determination that the court did not abuse its discretion in permitting Kostyuchenko to withdraw his plea on that basis, we affirm the court's judgment.

{¶2}   Kostyuchenko was indicted on two counts of operating a vehicle under the influence of alcohol or drugs ("OVI") and a single count of failure to comply with the order or signal of a police officer.  In exchange for the dismissal of one OVI count, Kostyuchenko entered guilty pleas to the other OVI count and the failure-to-comply count.  The trial court accepted both pleas and found him guilty on both counts.  But the court sentenced him, and thus convicted him, on only the failure-to-comply count.  For that offense, the court imposed a term of confinement of one year.

{¶3}   Kostyuchenko did not appeal his conviction.  Instead, he moved to withdraw his plea.  Following a hearing, the common pleas court granted the motion, and this appeal followed.

{¶4}   Crim.R. 32.1 authorizes the postconviction withdrawal of a guilty plea only "to correct manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus.  The defendant bears the burden of proving "manifest injustice."  The determination of whether the defendant has sustained that burden is committed to the sound discretion of the trial court and will

not be disturbed on appeal unless the court abused its discretion. *Id.* at paragraph two of the syllabus.

{¶5} *Sixth Amendment right to accurate advice concerning deportation.* The due-process protections afforded by Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution require that a guilty or no-contest plea "represent[] a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). A defendant who seeks to withdraw his plea on the ground that the plea was the unintelligent product of his counsel's ineffectiveness must demonstrate that counsel's representation was constitutionally deficient, *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that "there is a reasonable probability that, but for [that deficiency, the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *see State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992); *State v. Blackwell*, 1st Dist. Hamilton No. C-970150, 1998 Ohio App. LEXIS 1856 (May 1, 1998).

{¶6} For purposes of the Sixth Amendment right to the effective assistance of counsel, a plea negotiation is a critical phase of a criminal prosecution. *Hill* at 57. In *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), the United States Supreme Court held that the Sixth Amendment imposes upon counsel, in negotiating a guilty or no-contest plea, the duty to "accurate[ly]" advise a noncitizen client concerning the immigration consequences of the plea. *Padilla* at 364 and 374. If the consequence of deportation can be "easily determined from

reading the removal statute," counsel must inform his client of that fact. "When the law is not succinct and straightforward," counsel "need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* at 368-369.

{¶7} ***Kostyuchenko's motion.*** In his motion to withdraw his plea, Kostyuchenko cited *Padilla* in support of his contention that his guilty plea had been the unintelligent product of his trial counsel's ineffectiveness in advising him concerning the immigration consequences of his conviction. The motion was supported by Kostyuchenko's affidavit. He averred that after he had completed his one-year jail term, the United States Department of Homeland Security notified him that his offense constituted an "aggravated felony" under federal immigration law and thus mandated his deportation, and that his one-year sentence rendered him ineligible for any form of relief from deportation. Kostyuchenko stated that neither trial counsel, in urging him to plead guilty, nor the trial court, in accepting his plea, had advised him that his failure-to-comply conviction mandated his deportation. And he asserted that if he had known that his conviction would make him deportable, he would have asked counsel to negotiate for a sentence that would preserve his eligibility for relief from deportation, or he would have insisted on a trial.

{¶8} At the hearing on the motion, Kostyuchenko's trial counsel testified that he had known that Kostyuchenko was not a United States citizen, and that it had been his "understanding * * * [b]y and large" that Kostyuchenko's conviction would make him "deportable." But counsel insisted that Kostyuchenko had, throughout the plea negotiation, expressed indifference concerning the possibility of being deported and had focused solely on avoiding a prison sentence. Thus, deportation was the

4

subject of "a very brief conversation" between counsel and Kostyuchenko, during which counsel advised Kostyuchenko that a felony conviction "could get [him] deported" and did not discuss with him any available forms of relief from deportation. Counsel also stated that he had reviewed with Kostyuchenko his plea form, which memorialized his "understand[ing]" that his conviction "may have the consequence of deportation." When the common pleas court asked counsel to confirm whether he had said "possibly, probably or [had] just read" the form, counsel responded, "Well, I probably said both, but I know I told him these were the kinds of offenses that you get deported for."

{¶9} Kostyuchenko also presented at the hearing the testimony of an immigration lawyer. The lawyer stated that, for purposes of federal immigration law, the failure-to-comply offense to which Kostyuchenko had pled was a crime of violence and an offense relating to obstruction of justice and thus constituted an aggravated felony, and that it also constituted a crime involving moral turpitude. In the lawyer's opinion, under federal immigration law, for "a felony fleeing, it's pretty clear it's not a possibility, not a could or may, it's a mandatory removal or deportation."

{¶10} In granting withdrawal, the common pleas court stated that trial counsel's varying testimony had left the court uncertain about what, beyond the advisement contained in the plea form, counsel had communicated to Kostyuchenko concerning his plea's immigration consequences. And because those consequences were then visited upon Kostyuchenko, the court found "substantial prejudice." Thus, the court permitted Kostyuchenko to withdraw his guilty plea on the ground that counsel's violation of the duty imposed by *Padilla*, to accurately advise his noncitizen client concerning the immigration consequences of his guilty plea, had denied

Kostyuchenko his Sixth Amendment right to the effective assistance of counsel.  We hold that the court did not abuse its discretion in granting the motion.

{¶11} *Inaccurate advice concerning deportation.*  Federal immigration law expressly mandates the removal of "[a]ny alien * * * convicted of an aggravated felony."  8 U.S.C. 1227(a)(2)(A)(iii).  An "aggravated felony" is defined to include "an offense relating to obstruction of justice * * * for which the term of imprisonment is at least one year."  8 U.S.C. 1101(a)(43)(S).  An "aggravated felony" is also defined to include "a crime of violence (as defined in section 16 of title 18, United States Code * * *) for which the term of imprisonment [is] at least one year."  8 U.S.C. 1101(a)(43)(F).  A "crime of violence" is, in turn, defined to include an "offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. 16(b).

{¶12}  Kostyuchenko was convicted upon his guilty plea to the third-degree felony of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B).  Specifically, he was found guilty of, and was sentenced to a year in jail for, "causing a substantial risk of serious physical harm to persons or property" by "willfully elud[ing] or flee[ing]" the signal of a police officer.  *See* R.C. 2921.331(C)(5)(a)(ii).  R.C. Chapter 2921 proscribes "OFFENSES AGAINST JUSTICE," and the failure-to-comply statute is grouped with those statutes proscribing "OBSTRUCTING AND ESCAPE."

{¶13}  From reading the immigration statutes, it is clear that Kostyuchenko's failure-to-comply offense was both "an offense relating to obstruction of justice" and "a crime of violence" and thus constituted an "aggravated felony" mandating his deportation.  Therefore, trial counsel, in negotiating Kostyuchenko's guilty plea, had

a duty under *Padilla* to ascertain from the immigration statutes, and to accurately advise him, that his conviction mandated his deportation. And the record supports the common pleas court's conclusion that counsel breached that duty.

{¶14} *Prejudice.* As for whether counsel's breach of his duty under *Padilla* prejudiced Kostyuchenko, we note that counsel had reviewed with Kostyuchenko, and that Kostyuchenko had executed, a plea form acknowledging his noncitizen status and affirming his "understand[ing] that * * * a conviction of the offense(s) to which [he was] pleading Guilty *may have the consequence of deportation*, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." Then, at the plea hearing, the trial court, as required by R.C. 2943.031, advised Kostyuchenko that "there *may be* a consequence for [his conviction] which *would be possibly deportation*, denial of your admission to the United States, or exclusion from admission, or denial of your naturalization * * * pursuant to * * * the laws of the United States." (Emphasis added.)

{¶15} But the plea form and the R.C. 2943.031 advisement, because they informed Kostyuchenko only that he "may" be deported, did not provide the degree of "accura[cy]" concerning immigration consequences that *Padilla* demands when, as here, federal immigration law plainly mandates deportation. *See Padilla*, 559 U.S. at 364, 130 S.Ct. 1473, 176 L.Ed.2d 284. Therefore, neither counsel's review of the plea form with Kostyuchenko, nor the trial court's compliance with R.C. 2943.031, effectively precluded a finding that Kostyuchenko had been prejudiced by counsel's violation of his duty under *Padilla* to advise him that he would be deported. *See State v. Arrunategui*, 9th Dist. Summit No. 26547, 2013-Ohio-1525, ¶ 15 (rejecting the state's argument that compliance with R.C. 2943.031(A) "in and of itself prevent[ed]" a showing of prejudice when deportation was mandatory); *State v.*

*Yahya*, 10th Dist. Franklin No. 10AP-1190, 2011-Ohio-6090, ¶ 17 (holding that the R.C. 2943.031 advisement "would not necessarily cure [counsel's] error" in advising defendant that she would not be deported); *see also State v. Hrnjak*, 9th Dist. Summit No. 26553, 2013-Ohio-5726, ¶ 13-14 (finding no *Padilla* violation when counsel and the court went beyond the statutory advisement to warn "that deportation was all but certain"); *State v. Guerrero*, 12th Dist. Butler No. CA2010-09-231, 2011-Ohio-6530, ¶ 18-20 (finding no prejudice, when the court gave the R.C. 2943.031 advisement plus "strong warnings that deportation would be sought"); *State v. Andreias*, 6th Dist. Erie No. E-10-070, 2011-Ohio-5030, ¶ 21 (holding that "the court cured any prejudice with a thorough and clear explanation to appellant of all potential ramifications"). *Compare State v. Bains,* 8th Dist. Cuyahoga No. 94330, 2010-Ohio-5143, ¶ 29 (finding no prejudice when the court gave the statutory advisement and then "clearly advised defendant on several occasions that his conviction would subject him to deportation"), *with State v. Lababidi*, 8th Dist. Cuyahoga No. 96755, 2012-Ohio-267, ¶ 15 (citing *Bains* to hold that the "court's advisement of potential deportation cured" counsel's failure to advise that deportation was "automatic"), and ¶ 20-21 (Gallagher, J., concurring) (distinguishing *Bains* as involving "a clear advisement that went beyond the mandate of R.C. 2943.031(A)," and stating that the "statutory warning that a person 'may' be deported does not necessarily cure the prejudice created by an attorney's advisement that a defendant 'may' be deported when the defendant is, in effect, presumptively deportable").

{¶16} Moreover, Kostyuchenko provided evidence upon which the common pleas court might reasonably have concluded that his counsel's deficient performance had prejudiced him. Counsel testified at the hearing that Kostyuchenko

had been unconcerned during plea negotiations with being deported. But Kostyuchenko averred in his affidavit, to the contrary, that if he had known that his failure-to-comply conviction mandated his deportation, he would not have pled to that offense and would have insisted either on a trial or on a sentence that preserved his eligibility for relief from deportation.

{¶17} *We affirm.* Thus, Kostyuchenko supported his ineffective-assistance-of-counsel claim with evidence that counsel had breached the duty under *Padilla* to accurately advise him concerning the immigration consequences of his guilty plea, and that there was a reasonable probability that, but for his counsel's deficient performance, he would not have pled guilty, but would have insisted on going to trial. Because the record supports a determination that the withdrawal of Kostyuchenko's guilty plea was necessary to correct a manifest injustice, we hold that the common pleas court did not abuse its discretion in granting his Crim.R. 32.1 motion. Accordingly, we overrule the assignment of error and affirm the judgment of the common pleas court.

Judgment affirmed.

HENDON, P.J., CUNNINGHAM and FISCHER, JJ.

Please note:

The court has recorded its own entry on the date of the release of this opinion.