[Cite as *State v. Dye*, 2013-Ohio-1626.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120483 |
| | | TRIAL NO. B-0100606 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| VINCE DYE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed and Cause Remanded

Date of Judgment Entry on Appeal:  April 24, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins*, for Defendant-Appellant.

Please note:  we have removed this case from the accelerated calendar.

Per Curiam.

{¶1}   Defendant-appellant Vince Dye appeals from the Hamilton County Common Pleas Court's judgment overruling his Crim.R. 32.1 motion to withdraw his guilty pleas. We affirm the court's judgment, but we remand this case for the proper imposition of postrelease control.

{¶2}   In 2001, Dye was convicted upon guilty pleas to three counts of rape. He did not timely appeal his convictions. Instead, he unsuccessfully challenged his convictions in postconviction petitions filed in 2002 and 2003, in Civ.R. 60(B) motions filed in 2002 and 2006, and in Crim.R. 32.1 motions filed in 2004, 2005, 2009, and 2012. *See State v. Dye*, 1st Dist. Nos. C-020258 and C-020416 (Feb. 19, 2003), *appeal not accepted*, 100 Ohio St.3d 1531, 2003-Ohio-6458, 800 N.E.2d 48; *State v. Dye*, 1st Dist. No. C-040506 (Apr. 13, 2005), *appeal not accepted*, 106 Ohio St.3d 1508, 2005-Ohio-4605, 833 N.E.2d 1249; *State v. Dye*, 1st Dist. No. C-100420 (May 11, 2011).

{¶3}   In this appeal from the overruling of his 2012 motion to withdraw his guilty pleas, Dye advances three assignments of error.

{¶4}   ***Crim.R. 32.1 motion was properly overruled without a hearing.*** We address together Dye's first and second assignments of error, in which he contends that the common pleas court abused its discretion in overruling his Crim.R. 32.1 motion and in failing to conduct an evidentiary hearing on the motion. We find no merit to this contention.

{¶5}   On a postsentence Crim.R. 32.1 motion to withdraw a guilty plea, the defendant bears the burden of demonstrating that the withdrawal of his plea was necessary to correct a "manifest injustice." Crim.R. 32.1; *State v. Smith*, 49 Ohio

St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. The decision of whether the defendant has sustained this burden is committed to the sound discretion of the trial court and will not be disturbed on appeal unless the court abused its discretion. *Id.* at paragraph two of the syllabus.

{¶6} Crim.R. 32.1 does not expressly require a court to hold a hearing on a postsentence motion to withdraw a guilty plea. But this court has effectively adopted a rule that requires a hearing if the facts alleged in the motion, and accepted as true by the court, would require that the plea be withdrawn. The decision of whether to hold a hearing is discretionary and may be reversed on appeal only if the court abused its discretion. *State v. Brown*, 1st Dist. No. C-010755, 2002-Ohio-5813.

{¶7} Dye pled guilty to three counts of raping a 12-year-old girl. In his motion to withdraw his pleas, Dye claimed that he was actually innocent of the offenses, and that he had pled guilty in exchange for a reduced sentence only because he believed that the girl and her mother would falsely testify against him if he insisted on going to trial.

{¶8} A counseled knowing, voluntary, and intelligent guilty plea constitutes a complete admission of the facts underlying the charged offense and thus effectively removes from the case any issue concerning the defendant's factual guilt of the offense. Crim.R. 11(B)(1); *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979), paragraph one of the syllabus. Therefore, Dye's challenge to his convictions is limited to the knowing, voluntary, or intelligent nature of his guilty pleas. *See State v. Mynatt*, 1st Dist. Nos. C-100298 and C-100319, 2011-Ohio-1358, ¶ 7-10 (citing *State v. Spates,* 64 Ohio St.3d 269, 272, 595 N.E.2d 351 [1992]).

{¶9} The record shows that the trial court accepted Dye's guilty pleas in conformity with Crim.R. 11. Dye does not contend otherwise. Rather, his claim of actual innocence may fairly be read to allege that his guilty pleas were unknowing and unintelligent because he had mistakenly believed that the victim and her mother would incriminate him at trial.

{¶10} In support of his motions, Dye offered two affidavits. In an affidavit filed on July 16, 2001, a week before Dye entered his guilty pleas, the victim's mother "recant[ed]" her statements concerning the alleged rapes and stated that she did not want to testify in any court proceeding. In an affidavit made in 2008, the victim averred that her aunt had fabricated evidence, and that her aunt and mother had, by threats, "coerced" her into accusing Dye of rape. The victim also insisted that her mother's 2001 affidavit had been the product of growing doubts concerning the veracity of the rape allegations, and that those doubts had also prompted her mother to tell the police and an assistant prosecuting attorney that she did not want to participate in the proceedings.

{¶11} In deciding a Crim.R. 32.1 motion, the court must accord due deference to a supporting affidavit. But the court has the discretion to judge the credibility of an affidavit without first conducting an evidentiary hearing on the motion. In assessing an affidavit's credibility, and thus determining the need for a hearing, the court must consider all relevant factors, including (1) whether the judge reviewing the motion also presided at the plea hearing, (2) whether multiple affidavits contain nearly identical language or otherwise appear to have been drafted by the same person, (3) whether the affidavit contains or relies on hearsay, (4) whether the affiant is related to the defendant or otherwise interested in the success

of his efforts, (5) whether the affidavit contradicts defense evidence, (6) whether the affidavit is contradicted by any other sworn statement of the affiant, and (7) whether the affidavit is internally inconsistent. *Mynatt*, 1st Dist. Nos. C-100298 and C-100319, 2011-Ohio-1358, at ¶ 18-20 (adopting for purposes of a Crim.R. 32.1 motion the factors set forth in *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), for assessing affidavits submitted in support of a postconviction petition).

{¶12} In the proceedings below, the judge reviewing Dye's Crim.R. 32.1 motion had not presided at his plea and sentencing hearing. The victim and her mother were not related to Dye, and the record does not otherwise suggest any interest that they might have in his release. Their affidavits are based on first-hand knowledge and do not appear to have been drafted by the same person. And neither affidavit is internally inconsistent.

{¶13} But the record shows that the victim and her mother were present at the plea and sentencing hearing and did not dispute the assistant prosecuting attorney's statement that they were "in agreement" with Dye's guilty pleas. They also stood mute during the assistant prosecuting attorney's statement of the facts underlying the charges, thus acquiescing in Dye's admission, by virtue of his guilty pleas, that he had engaged in vaginal intercourse with the victim on three separate occasions. Moreover, before sentence was imposed, Dye "apologize[d] to * * * everyone that is going through pain and suffering because of my fault."

{¶14} On the record before us, we cannot say that the common pleas court, in discounting the credibility of the affidavits without an evidentiary hearing, abused its discretion. And in the absence of credible evidence demonstrating that the

withdrawal of Dye's guilty pleas was necessary to correct a manifest injustice, we cannot say that the court abused its discretion in overruling Dye's motion.

{¶15} We, therefore, overrule his first and second assignments of error.

{¶16} *Sentences were subject to review and correction to the extent postrelease-control notification was inadequate.* In his third assignment of error, Dye asserts that his sentences are void because he was not properly notified concerning postrelease control. The state concedes the error, and we agree.

{¶17} We note as a preliminary matter that this court's jurisdiction is limited to reviewing only the judgment from which Dye appeals. In that judgment, the common pleas court overruled Dye's motion to withdraw his guilty pleas. The court did not rule upon, because Dye had not asserted in his motion, a challenge to the adequacy of postrelease-control notification.

{¶18} But a sentence that is void for inadequate postrelease-control notification is subject to review and correction at any time. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus. And Dye's sentences are void to the extent that he was not adequately notified concerning postrelease control.

{¶19} The postrelease-control statutes in effect in 2001, when Dye was sentenced, required that, with respect to each offense, a sentencing court notify the offender, both at the sentencing hearing and in the judgment of conviction, of the length and mandatory or discretionary nature of postrelease control, of the consequences of violating postrelease control, and of the length of confinement that could be imposed for a postrelease-control violation. *See* former R.C. 2929.14(F), 2929.19(B)(3)(c) through (e), and 2967.28(B) and (C) (superseded in 2011 by R.C.

2929.14[D], 2929.19[B][2][c] through [e], and 2967.28[B] and [C]); *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 77-79; *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 69; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. *Accord State v. Smith*, 1st Dist. No. C-120163, 2012-Ohio-5965, ¶ 10-11.

{¶20} In sentencing Dye in 2001 for the first-degree felonies of rape, the trial court was required to notify him with respect to each offense, both at sentencing and in the judgment of conviction, that upon his release from prison, he would be subject to a mandatory five-year period of postrelease-control supervision. *See* R.C. 2929.19(B)(3)(c) and 2967.28(B)(1) (superseded by R.C. 2929.19[B][2][c] and 2967.28[B]). And the court was required to notify him of the consequences of violating postrelease control and of the length of confinement that could be imposed for violating postrelease control. *See* R.C. 2929.19(B)(3)(e) (superseded by R.C. 2929.19[B][2][e].

{¶21} At Dye's sentencing hearing, the trial court provided no postrelease-control notification. And the notification incorporated in the judgment of conviction simply stated that "[a]s part of the sentence in this case, the defendant is subject to the post release [sic] control supervisions of R.C. 2967.28." It did not specify the duration or mandatory nature of the postrelease-control supervision, the consequences of violating postrelease control, or the length of confinement that could be imposed for a postrelease-control violation.

{¶22} To the extent they were not imposed in conformity with the statutory mandates concerning postrelease control, Dye's sentences are void. And because he has brought this matter to our attention in this appeal, the offending portions of his

sentences are subject to review and correction. We, therefore, sustain the third assignment of error.

{¶23} *We affirm, but remand for resentencing.* Because the common pleas court cannot be said to have abused its discretion in overruling Dye's Crim.R. 32.1 motion without a hearing, we affirm the court's judgment.

{¶24} But Dye's sentences are void to the extent that he was not adequately notified concerning postrelease control. We, therefore, remand this case for correction of the offending portions of his sentences in accordance with the law and this opinion.

Judgment accordingly.

CUNNINGHAM, P.J., and FISCHER, J., concur.
DINKELACKER, J., concurs in part and dissents in part.

DINKELACKER, J., concurring in part and dissenting in part.

{¶25} I concur in the ultimate disposition of this case. I concur in affirming the judgment overruling Dye's Crim.R. 32.1. And I concur in remanding the case to correct the trial court's failure to provide any postrelease-control notification at Dye's sentencing hearing. But for the reasons set forth in my dissenting opinion in *State v. Duncan*, 1st Dist. No. C-120324, 2013-Ohio-381, ¶ 19-22, I cannot concur in the majority's determination that Dye's sentences are also void, and thus subject to correction, because the postrelease-control notification provided in the judgment of conviction was inadequate. Accordingly, I dissent only as to that aspect of the majority opinion.

Please note:

The court has recorded its own entry on the date of the release of this opinion.