[Cite as *State v. Shirley*, 2013-Ohio-5216.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130121 |
| | | TRIAL NO. B-1107597 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| MICHAEL SHIRLEY, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: November 27, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Office of the Ohio Public Defender* and *Peter Galyardt*, Assistant Public Defender*,* for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}  This is another case that involves the interplay between Ohio's current sex-offender registration scheme, the Adam Walsh Act ("AWA"), and its previous registration scheme, "Megan's Law."  The case is before us on appeal from the judgment of the court of common pleas denying the motion of Michael Shirley to withdraw his guilty plea.

{¶2}  Mr. Shirley was initially classified under Megan's Law and subsequently reclassified under the AWA.  He was charged with violating his registration duties under the AWA and entered a guilty plea.  At the time of his plea, the Ohio Supreme Court had held that the AWA could not be applied retroactively, but that offenders such as Mr. Shirley were subject to the registration requirements of Megan's Law.  The question is whether the trial court should have allowed Mr. Shirley to withdraw his guilty plea based upon his plea to an indictment that had as its basis the wrong registration scheme.  We hold that because the registration requirements that applied to Mr. Shirley were different under the two laws, and because there is a substantial question as to whether Mr. Shirley did, in fact, violate the requirements of Megan's Law, the trial court should not have denied Mr. Shirley's motion without first affording him a hearing.  Therefore, we reverse the trial court's judgment and remand the cause for the trial court to hold a hearing on the motion.

### *Facts and Procedure*

{¶3}  On October 11, 1983, Mr. Shirley was convicted of rape and sentenced to 25 years' incarceration.  He was found to be a sexually oriented offender on March 1, 2002, and was notified of his registration duties under former R.C. Chapter 2950, or "Megan's Law."  *See* Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, enacted

in 1996, amended in 2003 by Am.Sub.S.B. No. 5, 150 Ohio Laws, Part IV, 6556. He was subsequently released from incarceration.

{¶4} Effective January 1, 2008, the Ohio General Assembly enacted Am.Sub.S.B. No. 10 to implement the federal Adam Walsh Child Protection and Safety Act of 2006. Mr. Shirley was reclassified as a Tier III sex offender under the AWA. On November 18, 2011, Mr. Shirley was indicted under R.C. 2950.04 for failure to register as a first-degree felony. On April 12, 2012, he pleaded guilty to failure to register as a second-degree felony and was sentenced to three years' incarceration.

{¶5} On June 29, 2012, Mr. Shirley filed a motion for a delayed appeal. In support of the motion, Mr. Shirley's attorney asserted that he had learned on May 21, 2012, that Mr. Shirley "wanted to pursue an appeal because he was improperly classified and charged as a sex offender." No further explanation was provided. On July 29, 2012, we denied the motion on the basis that Mr. Shirley had "failed to provide sufficient reasons for failure to perfect an appeal as of right."

{¶6} On January 11, 2013, Mr. Shirley filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. He argued that he should be permitted to withdraw his guilty plea because he was not subject to the AWA, and therefore, his plea was not knowing, intelligent, and voluntary. He pointed out that because his rape conviction occurred in 1983, he was subject to the Megan's Law version of R.C. Chapter 2950, under which he could only have been convicted of a third-degree felony for failing to register. Further, Mr. Shirley argued that his counsel was ineffective for failing to advise him and the trial court that the AWA could not constitutionally be applied to him. Mr. Shirley also called the court's attention to the fact that his registration duties under Megan's Law were different from those under the AWA. Under Megan's Law, Mr. Shirley was required to register with the sheriff within five days of

3

"coming into a county in which the offender resides or is temporarily domiciled for more than five days." *See* former R.C. 2950.04(A)(1). But the AWA requires registration within three days of "coming into a county in which the offender resides or is temporarily domiciled for more than three days." *See* R.C. 2950.04(A)(2)(a). Because he was not subject to the more restrictive duties under the AWA, Mr. Shirley argues that he is entitled to withdraw his guilty plea.

### Analysis

{¶7} Mr. Shirley's sole assignment of error alleges that the trial court erred in overruling his motion to withdraw his guilty plea.

### I. A Plea May be Withdrawn Postconviction to Correct Manifest Injustice

{¶8} Crim.R. 32.1 provides that a trial court may permit a defendant to withdraw a guilty plea after sentence "to correct manifest injustice." Crim.R. 32.1; *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus; *State v. Akemon*, 173 Ohio App.3d 709, 2007-Ohio-6217, 880 N.E.2d 143, ¶ 8 (1st Dist.). "A manifest injustice has been defined as a 'clear or openly unjust act,' evidenced by an extraordinary and fundamental flaw in a plea proceeding." *State v. Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-3604, 936 N.E.2d 1030, ¶ 7 (1st Dist.), citing *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), and *Smith* at 264. While Crim.R. 32.1 does not require a hearing on a postsentence motion to withdraw a guilty plea, "this court has effectively adopted a rule that requires a hearing if the facts alleged in the motion, and accepted as true by the trial court, would require that the plea be withdrawn." *State v. Dye*, 1st Dist. Hamilton No. C-120483, 2013-Ohio-1626, ¶ 6, citing *State v. Brown*, 1st Dist. Hamilton No. C-010755, 2002-Ohio-5813. A trial court abuses its discretion when it denies a defendant's motion to withdraw his plea without first holding an evidentiary

4

hearing where the motion "includes evidence sufficient to demonstrate a manifest injustice." *State v. Beasley*, 8th Dist. Cuyahoga No. 96806, 2011-Ohio-6650, ¶ 8, citing *State v. Russ*, 8th Dist. Cuyahoga No. 81580, 2003-Ohio-1001, ¶ 12.

## II. Four Supreme Court Cases on Sex Offenders Originally Classified Under Megan's Law

{¶9}    In a series of four cases over the past three years, the Ohio Supreme Court has dealt with the proper treatment of offenders who, like Mr. Shirley, were originally classified under Megan's Law.  In *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, the court held that reclassification under the AWA of sex offenders who had been previously classified under Megan's Law was a violation of the separation-of-powers doctrine, and the court reinstated the classification and registration orders imposed by judges under Megan's Law.  In *State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192, the court held that an offender who had been judicially classified as a sexually oriented offender and ordered to register annually for ten years under Megan's Law could not be prosecuted for failing to comply with a more restrictive registration requirement imposed after reclassification under the AWA, because the more restrictive requirement had been unlawfully imposed.

{¶10}   Next, in *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 341, the court held that an offender originally classified under Megan's Law was subject to the penalty provisions of Megan's Law, not the AWA.  In reaching its decision, the Supreme Court overruled two contrary decisions of this court that were in place at the time that Mr. Shirley entered his guilty plea.  *See State v. Freeman*, 1st Dist. Hamilton No. C-100389, 2011-Ohio-4357; *State v. Bowling*, 1st Dist. Hamilton No. C-100323, 2011-Ohio-4946.

{¶11} The same day as *Howard*, the court considered whether *Bodyke* required the vacation of convictions for violating the registration requirements of the AWA for offenders originally classified under Megan's Law. *State v. Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, 983 N.E.2d 16. The court held that such convictions need not be vacated "when the conduct at issue" was a violation of the requirements of **both** the AWA and Megan's Law.

### III. Application to Mr. Shirley

{¶12} The indictment in Mr. Shirley's case plainly charged a violation of the AWA. It cited the applicable statutory subsection under the AWA and charged a felony level (F-1) that was proper under the AWA, but not Megan's Law. Mr. Shirley ultimately entered into a plea bargain whereby he pled guilty to a second-degree felony; again, a felony level that was proper under the AWA, but not under Megan's Law, which made Mr. Shirley's crime only a third-degree felony.

{¶13} The AWA provides that an offender who has been convicted of a sexually oriented offense must personally register with the sheriff "within three days of coming into a county in which the offender resides or temporarily is domiciled for more than three days." *See* R.C. 2950.04(A)(2)(a). But under the Supreme Court's holdings in *Bodyke* and *Gingell*, Mr. Shirley was subject to the less restrictive registration requirement under Megan's Law, which required that an offender who had been convicted of a sexually oriented offense must register with the sheriff "within five days of the offender's coming into a county in which the offender resides or temporarily is domiciled for more than five days." *See* former R.C. 2950.04(A)(1).

{¶14} Attached to Mr. Shirley's motion to withdraw his guilty plea was a copy of the police officer's summary of his interview with Mr. Shirley. In that summary, the police officer stated that Mr. Shirley and his girlfriend "would stay a few days in Cincinnati and return to Butler County. Donna and Michael stayed under the blue

bridge by the stadium, in a field, by the coal company on Eggleston. For the last five days before being arrested Michael was staying under the bridge near the Greyhound bus station." Mr. Shirley argues, and we agree, that based on the summary, it is not clear whether he had violated the five-day registration requirement when he was arrested. If he had not, he was convicted of a crime he did not commit.

{¶15} Mr. Shirley entered his guilty plea a full year after the Ohio Supreme Court's decision in *Gingell*. Yet neither his attorney, nor the court, nor the prosecutor raised the issue of his indictment under the wrong statute. No one raised the issue that Megan's Law provided for a different felony level for the offense and imposed a different registration requirement.[1] The fact that he may not actually have violated the only registration requirement that he constitutionally could have been subject to was simply not considered.

{¶16} *Brunning* stands for the proposition that a conviction need not be vacated when the "conduct at issue" is a violation of both Megan's Law and the AWA. *Brunning* does not explicitly address the opposite situation, where the conduct violates the AWA but not Megan's Law. But by negative implication, we can assume that a conviction in such a case would have to be vacated.

{¶17} Our case is a somewhat different case than *Brunning* in that it is not a direct appeal, but a postconviction motion to withdraw a guilty plea. But in similar circumstances—where there is a question as to whether the conduct is a violation of Megan's Law—at least two other districts have looked favorably on motions to withdraw.

---

[1] It is understandable that no one raised the issue of his indictment for and plea to the wrong level of the offense because at that time *Howard* had not been decided, and our case law provided that an offender who was classified under Megan's Law could be subject to the penalty provisions of the AWA.

{¶18} In *State v. Perryman*, 2013-Ohio-1087, 988 N.E.2d 918 (6th Dist.), the defendant had entered a guilty plea to a second-degree felony for a violation of the AWA, but the maximum penalty he could have faced under Megan's Law was that for a fifth-degree felony. *Id.* at ¶ 26. Further, it was not clear from the record whether Mr. Perryman had been convicted for violating his registration requirements under Megan's Law or the more restrictive AWA requirements. *Id.* The court determined that it should evaluate the defendant's motion to vacate and set aside his sentence under the "manifest injustice" standard of a Crim.R. 32.1 motion. Applying this standard, the court held that, at a minimum, the defendant's sentence must be vacated, and the trial court should hold "further proceedings" to determine whether it was necessary to vacate his conviction as well. *Id.* at ¶ 30-31.

{¶19} Similarly, in *State v. Montgomery*, 2d Dist. Montgomery No. 24450, 2012-Ohio-391, the defendant had been convicted for failing to comply with the 90-day registration requirements of the AWA, but it was unclear from the record whether his conduct had also violated the less restrictive annual registration requirement of Megan's Law. *Id.* at ¶ 23. The Second District determined that it should evaluate the defendant's motion to vacate his sentence as a Crim.R. 32.1 motion to withdraw his guilty plea. *Id.* at ¶ 15. Applying the manifest injustice standard, the court held that because it was not clear whether he could have been charged under Megan's Law at all, the proper remedy was to vacate the conviction as well as the guilty plea on which the conviction was based. *Id.* at ¶ 23.

{¶20} In the instant case, Mr. Shirley presented evidence in support of his motion to withdraw his plea which, if taken as true, established that his conviction may have been invalid as a matter of law. We do not think it necessary at this juncture to go as far as the court in *Montgomery* and vacate his plea and conviction. Rather, we believe that Mr. Shirley is entitled to a hearing on his motion, and that

the trial court erred in not granting Mr. Shirley such a hearing. Accordingly, we will remand this cause for a hearing on the motion. At such a hearing the court may inquire into the three-day/five-day issue, the alleged ineffective assistance of counsel, and other issues that might rise to the level of manifest injustice.

{¶21} We note also that both Mr. Shirley and the state agree that under Megan's Law he could only be charged with failing to register as a third-degree felony. *See State v. Howard, supra.* The state urges us to remand this cause with instructions to the trial court to vacate the second-degree felony conviction, enter a conviction for a third-degree felony, and resentence him accordingly. We agree that this is the appropriate remedy in the event that the trial court finds after a hearing that there is no manifest injustice and denies the motion to withdraw the plea. *See State v. Tye*, 1st Dist. Hamilton No. C-120562, 2013-Ohio-1571; *State v. Washington*, 1st Dist. Hamilton No. C-120583, 2013-Ohio-797.

### *Conclusion*

{¶22} We sustain the assignment of error. The judgment of the trial court overruling Mr. Shirley's motion to withdraw his guilty plea is reversed, and this cause is remanded for the trial court to hold a hearing on the motion and for further proceedings consistent with law and this opinion.

Judgment reversed and cause remanded.

**DINKELACKER, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry this date.

9