[Cite as *State v. Reinhardt*, 2014-Ohio-4071.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130560 |
| | | TRIAL NO. B-1203015-C |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| SARA REINHARDT, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 19, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*William R. Gallagher* and *Herbert Haas,* for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}     Defendant-appellant Sara Reinhardt appeals the decision of the trial court denying her postsentence motion to withdraw her guilty plea, alleging that her counsel and the trial court induced her into entering the plea.  Because we determine that Reinhardt failed to demonstrate that a manifest injustice occurred, we affirm the denial of her motion.

{¶2}     A Hamilton County grand jury indicted Reinhardt in May 2012 for four counts of deception to obtain a dangerous drug, specifically hydrocodone and diazepam, under R.C. 2925.22(A)—felonies of the fifth degree.  According to the bill of particulars, Reinhardt allegedly received forged prescriptions from a codefendant, filled those prescriptions, and gave some of the pills to her codefendant.  After numerous continuances, the case proceeded to trial where a jury was sworn and impaneled.  Prior to opening statements in July 2013, Reinhardt entered into a written plea agreement, whereby she agreed to plead guilty to one count of theft under R.C. 2913.02, a misdemeanor of the first degree, in exchange for the dismissal of the counts as charged in the instant indictment, as well as the dismissal of a related indictment in the case numbered B-1206734.  The trial court accepted Reinhardt's plea after a full Crim.R. 11 colloquy, and sentenced Reinhardt to three years' community control, including 12 months of electronic monitoring.

{¶3}     On August 27, 2013, Reinhardt filed a motion to withdraw her guilty plea under Crim.R. 32.1, supported by her affidavit and the affidavit of her friend, Gayle Bachman.  Reinhardt alleged that she was a former Iranian citizen who had renounced her citizenship to become employed by the Federal Bureau of Investigation as a Farsi contract linguist.  Because of the instant indictment, Reinhardt had been suspended from her position with the FBI.

2

{¶4}   In her affidavit, Reinhardt maintained her innocence of the charges. She stated that she had desired to go to trial, so she had rejected a plea deal from the state to dismiss all four of the felony counts if she agreed to plead guilty to a misdemeanor charge, even though the prosecutor had threatened to indict her on additional felony charges if she refused to plead.  When she rejected the deal, Reinhardt then had been indicted for drug trafficking in the case numbered B-1206734.

{¶5}   Reinhardt alleged that she had begun to receive increased pressure from her attorney to plead guilty.  Her attorney had told her that the judge would impose consecutive, maximum sentences if she refused to take a plea bargain. Meanwhile, the state had continued to offer plea deals.  Reinhardt attached a copy of the transcript of proceedings from the second day of trial, after the jury had been impaneled, where the trial court requested that past plea deals be placed on the record.  The prosecutor recounted three plea deals that had been offered to Reinhardt over the last eight months, including theft with diversion.  The prosecutor then offered a second-degree misdemeanor attempt charge, eligible for diversion. The trial court told Reinhardt, "[t]his is your last opportunity to accept that, because otherwise once we start a trial I am not going to be inclined to agree to it."  Further discussion took place, and the trial court stated to Reinhardt, "[y]ou have got one minute to make your decision, because I can hear the jury out in the hall."  Reinhardt then declined to take the deal.

{¶6}   After Reinhardt had turned down this most recent plea deal, according to Reinhardt, her attorney had told her that the judge "was very angry that she would not plead guilty," and that the judge would sentence her to nine-and-a-half years in prison.  According to Reinhardt and Bachman, Reinhardt's attorney had

become irate with Reinhardt, yelling and screaming, at which point Reinhardt had finally broken under the pressure and pleaded guilty.

{¶7} In her Crim.R. 32.1 motion, Reinhardt alleged that the trial court had been biased against her. Reinhardt attached copies of the judgments of convictions of her two codefendants, who had received more favorable sentences. Reinhardt also attached to her motion a copy of the transcript of proceedings from the postplea, sentencing hearing, which she argued showed the trial court's bias against her:

> THE COURT: * * * I saw you get offered three deals that the majority of people that come in here—and I wouldn't even say the majority, I would say every defendant who comes in here would have cried to have. * * * I want to explain something to you. This Court's time is valuable. * * * I want to talk to you about the inconvenience that you have caused this Court. You have caused us thousands of dollars in court time. * * * You ought to be ashamed of yourself. * * * You ought to—I just cannot tell you how narcissistic you have appeared to this Court. * * * And unfortunately, because this is a misdemeanor, I cannot send you to the department of corrections, because trust me, I would have. If you had gotten convicted, I would have sent you, and I would have sent you consecutively. That would have been a lot of time in a place that you do not want to be.

{¶8} In addition to the alleged coercion by the trial court and counsel, Reinhardt argued in her motion that she had taken a plea deal because it meant that she would not have to serve any jail time. Nevertheless, she had spent three days and two nights in jail awaiting her electronic-monitoring unit.

{¶9}     The trial court held a hearing on Reinhardt's motion where Reinhardt submitted the matter to the trial court on her motion without requesting an evidentiary hearing.  The trial court denied Reinhardt's motion, stating that it had been "a participant in all of this," and that no manifest injustice occurred to allow withdrawal of her plea postsentence.  Reinhardt now appeals the denial of her motion.

{¶10}    In her sole assignment of error, Reinhardt alleges that the trial court erred in denying her motion.

{¶11}    Under Crim.R. 32.1, a trial court may permit a defendant to withdraw a guilty plea after sentence only "to correct manifest injustice." *State v. Shirley*, 1st Dist. Hamilton No. C-130121, 2013-Ohio-5216, ¶ 8, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus.  "Manifest injustice" involves an " 'extraordinary and fundamental flaw in a plea proceeding.' " *Shirley* at ¶ 8, quoting *State v. Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-3604, 936 N.E.2d 1030, ¶ 7 (1st Dist.).  The burden of proving "manifest injustice" lies with a defendant, and an appellate court reviews a trial court's determination of whether that standard has been met by the defendant for an abuse of discretion.  *State v. Kostyuchenko*, 2014-Ohio-324, 8 N.E.3d 353, ¶ 4 (1st Dist.), citing *Smith*.

{¶12}    A trial court need not hold a hearing on a postsentence motion under Crim.R. 32.1 where the facts as alleged in the motion do not merit withdrawal of the plea.  *State v. Dye*, 1st Dist. Hamilton No. C-120483, 2013-Ohio-1626, ¶ 6.

{¶13}    On appeal from the denial of her motion, Reinhardt argues that her plea was not voluntarily made because she received ineffective assistance of counsel, the trial court participated in the plea-bargaining process with a demonstrated bias against her, and the trial court induced her to plead with a promise of no jail time.

{¶14}   Ineffective assistance of counsel may form the basis of a defendant's postsentence motion to withdraw his plea if the defendant can show that " 'counsel's performance was deficient,' " and that " 'there was a reasonable probability that, but for counsel's deficient performance, the petitioner would not have pleaded guilty and would have insisted on going to trial.' "  *See State v. Holloman*, 1st Dist. Hamilton No. C-030391, 2004-Ohio-2178, ¶ 14, quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶15}   According to Reinhardt's and Bachman's affidavits, Reinhardt's attorney pressured her to plead guilty by threatening that the trial court would sentence her to nine-and-one-half years in prison if she lost at trial because of the trial court's "anger" regarding her unwillingness to accept a plea deal.  Her counsel resorted to yelling and screaming.

{¶16}   Accepting the affidavits of Reinhardt and Bachman as true, the actions of Reinhardt's counsel did not constitute deficient performance.  At the time Reinhardt pleaded guilty, she faced multiple felony drug charges.  She had been offered at least three plea deals by the state over a period of eight months.  Just prior to opening statements, the prosecutor had offered Reinhardt a second-degree misdemeanor attempt charge, eligible for diversion.  The trial court then had indicated to Reinhardt that it would not accept such a deal once trial began. Reinhardt again turned down the deal.  At this point, according to Reinhardt, her counsel became coercive, and she pleaded guilty.  Counsel could have reasonably believed that pleading guilty was the best strategy for Reinhardt to avoid prison. This court will not second guess counsel's trial strategy, and we presume that counsel's conduct fell within a wide range of competent assistance.  *State v. Sweeting*, 1st Dist. Hamilton No. C-120733, 2013-Ohio-5097, ¶ 16; *see State v.*

*Davie*, 96 Ohio St.3d 133, 2002-Ohio-3753, 772 N.E.2d 119, ¶ 7, quoting *Strickland* at 691 ("*Strickland* charges us to 'apply a heavy measure of deference to counsel's judgments[.]' ").

{¶17} In addition to coercion by counsel, Reinhardt argues that the trial court's participation in the plea-bargaining process, and the trial court's bias against her, coerced her into taking a plea deal. As to a judge's participation in the plea-bargaining process, the Ohio Supreme Court has cautioned that "the judge's position in the criminal justice system presents a great potential for coerced guilty pleas and can easily compromise the impartial position a trial judge should assume." *State v. Byrd*, 63 Ohio St.2d 288, 292, 407 N.E.2d 1384 (1980). Therefore, a defendant's plea is not voluntary where a judge's participation in the plea process could lead the defendant to believe that he could not have a fair trial or sentence. *See State v. Pippin*, 1st Dist. Hamilton No. C-060929, 2007-Ohio-5974, citing *Byrd*; *State v. Sawyer*, 183 Ohio App.3d 65, 2009-Ohio-3097, 915 N.E.2d 715 (1st Dist.).

{¶18} The record does not support Reinhardt's argument that the trial court induced her to enter a guilty plea. Although the trial court requested that all of the prior plea deals be on the record, the record does not indicate that the trial court had been involved in those prior discussions. When the state offered Reinhardt yet another deal of diversion just prior to opening statements, the trial court told Reinhardt that it would not be inclined to accept such a deal once trial began and that Reinhardt had one minute to make a decision. Despite the trial court's statements to her, however, Reinhardt declined to take that deal, negating her claim of coercion.

{¶19} The remainder of Reinhardt's allegations of coercion stem from events that occurred after Reinhardt had agreed to plead guilty. Reinhardt relies on

the trial court's statement from the later hearing on her Crim.R. 32.1 motion to withdraw her plea where the trial court stated it was a "participant in all of this." She further relies on the more lenient sentences received by her codefendants and the trial court's statements to her at the sentencing hearing, which occurred after the plea had been entered. These postplea statements, as well as the other actions of which Reinhardt complains, did not cause Reinhardt to plead guilty involuntarily.

{¶20} Finally, Reinhardt argues that the trial court promised her that she would not serve jail time, but Reinhardt had to spend three days in jail awaiting her electronic-monitoring device. Reinhardt argues that the trial court's promised sentence induced her to plead, and the breach of that promise resulted in an involuntary plea. *See State v. Bonnell*, 12th Dist. Clermont No. CA2001-12-094, 2002-Ohio-5882, ¶ 18 ("[w]hen a trial court promises a certain sentence, the promise becomes an inducement to enter a plea, and unless that sentence is given, the plea is not voluntary.").

{¶21} In Reinhardt's case, the trial court imposed a sentence that did not include jail time. Because of circumstances beyond the trial court's knowledge or control, Reinhardt unfortunately could not be fitted right away with an electronic-monitoring device and had to await the time in jail. Therefore, Reinhardt's argument that the trial court did not impose a "promised" sentence is without merit.

{¶22} In conclusion, Reinhardt has failed to show that her counsel and the trial court coerced her into entering her guilty plea. The trial court engaged Reinhardt in a full and in-depth Crim.R. 11 colloquy in which Reinhardt agreed that she had entered the plea by her own free will, and that she was pleading voluntarily. Because Reinhardt's Crim.R. 32.1 motion did not demonstrate that a manifest injustice occurred, and Reinhardt's counsel appeared at the hearing on the matter

and submitted on the motion, the trial court did not abuse its discretion in denying Reinhardt's motion without an evidentiary hearing. *See Dye*, 1st Dist. Hamilton No. C-120483, 2013-Ohio-1626, at ¶ 6.

{¶23} We overrule Reinhardt's assignment of error, and we affirm the judgment of the trial court denying her Crim.R. 32.1 motion.

Judgment affirmed.

**DINKELACKER, P.J.**, and **DEWINE, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.