[Cite as *State v. Alsip*, 2014-Ohio-4180.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130699 |
| | | TRIAL NO. B-1205436 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | : | |
| DENNIS ALSIP, JR., | : | |
| | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 24, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Ernst & Associates, LLC*, and *Matthew T. Ernst,* for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}    Defendant-appellant Dennis Alsip appeals the decision of the trial court denying his postsentence motion to withdraw his no-contest plea. Alsip argues that a manifest injustice occurred when the trial court sentenced him to a maximum prison term following his plea because his attorney had promised him that he would not receive the maximum sentence upon pleading no contest. Because we determine that Alsip failed to present any evidence that he substantially relied on his counsel's advice in entering his plea, we affirm the denial of his motion.

{¶2}    On July 16, 2012, a vehicle driven by Alsip travelled left of center on the roadway and struck a vehicle driven by Lisa Hasting head-on, killing her. A grand jury indicted Alsip on two counts of aggravated vehicular homicide under R.C. 2903.06(A)(1) and 2903.06(A)(2). Alsip pleaded no contest to both counts. The trial court found Alsip guilty and merged the counts for sentencing. On August 12, 2013, the trial court sentenced Alsip to the maximum prison term for a second-degree felony—eight years—and imposed a lifetime driver's license suspension.

{¶3}    On August 16, 2013, Alsip filed a motion to withdraw his no-contest plea and attached an affidavit in support from his counsel, Matthew Ernst. Ernst stated that he had discussed Alsip's case off the record with the trial court and the prosecuting attorney. Ernst further stated "[i]t was related to me by [the judge] that Mr. Alsip would not receive the minimum sentence and not receive the maximum sentence upon entering a plea to the felony of the second degree." Ernst then "informed Mr. Alsip that this deal would not be, and was not to be, discussed on the trial record." On the basis of this evidence, Alsip argued that his plea was not voluntarily entered.

{¶4} In response to Alsip's motion, the state filed a memorandum in opposition supported by an affidavit from Richard Gibson, the prosecuting attorney assigned to Alsip's case. Gibson averred that he, Ernst, and the trial judge had discussed Alsip's possible change of plea. Ernst had "asked [the judge] what sentence she would impose if Alsip changed his plea to guilty or no contest." Before the trial judge had answered, Gibson had told the judge that he would seek the maximum sentence. The judge then had "refused to make a commitment on sentencing, saying only that she normally did not impose a maximum sentence where a plea of guilty or no contest was entered, but that she would look at everything before deciding on an appropriate sentence in this case."

{¶5} Without holding an evidentiary hearing, the trial court denied Alsip's motion to withdraw his plea. Alsip now appeals.

{¶6} In his first assignment of error, Alsip alleges that the trial court abused its discretion in denying his motion to withdraw his plea under Crim.R. 32.1.

{¶7} A trial court may permit a defendant to withdraw a guilty plea after imposition of a sentence under Crim.R. 32.1 only where "manifest injustice" has occurred. *State v. Shirley*, 1st Dist. Hamilton No. C-130121, 2013-Ohio-5216, ¶ 8; *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. A defendant is not entitled to an evidentiary hearing on a Crim.R. 32.1 motion unless the facts as alleged in the motion merit withdrawal of the plea. *State v. Dye*, 1st Dist. Hamilton No. C-120483, 2013-Ohio-1626, ¶ 6. The defendant carries the burden to demonstrate that a manifest injustice occurred, and a trial court's decision on the matter, as well as its decision whether to hold an evidentiary hearing, is reviewed for an abuse of discretion. *State v. Kostyuchenko*, 2014-Ohio-324, 8 N.E.3d 353, ¶ 4 (1st Dist.), citing *Smith*.

3

{¶8}    Alsip asserts that his counsel's advice that the trial judge would not impose the maximum sentence upon a plea resulted in manifest injustice where Alsip received the statutory maximum.

{¶9}    Manifest injustice may result from counsel's statements to a defendant regarding a promised sentence; however, "[m]anifest injustice does not ipso facto result" from such statements. *State v. Testerman*, 1st Dist. Hamilton No. C-010040, 2001 Ohio App. LEXIS 3605 (Aug. 17, 2001), quoting *State v. Blatnik*, 17 Ohio App.3d 201, 203, 478 N.E.2d 1016 (6th Dist.1984). A defendant must have substantially relied upon counsel's communications regarding a promised sentence to the defendant's detriment to create a manifest injustice. *See Testerman* at *9; *State v. Lagenkamp*, 3d Dist. Shelby Nos. C-17-08-03 and C-17-08-04, 2008-Ohio-5308, ¶ 27.

{¶10}    In his Crim.R. 32.1 motion, Alsip relies primarily on *State v. Collins*, 1st Dist. Hamilton No. C-970138, 1998 Ohio App. LEXIS 476 (Feb. 13, 1998). In *Collins*, the court reversed a trial court's decision denying a defendant's motion to withdraw his plea postsentence where the defendant's trial attorney had erroneously told the defendant that an agreement had been reached among himself, the trial court, and the prosecutor, to allow the defendant to plead guilty to reduced charges in exchange for "low end concurrent sentences," and the trial court had imposed consecutive sentences. *Id.* at *7-8. In that case, the attorney averred that the defendant would not have pleaded guilty had the defendant known that consecutive sentences might be a possibility. *State v. Collins*, 1st Dist. Hamilton No. C-960170, 1996 Ohio App. LEXIS 4553 (Oct. 16, 1996). Moreover, the defendant testified that he had pleaded guilty only because his attorney had told him he would receive concurrent sentences. *Collins*, 1st Dist. Hamilton No. C-970138, 1998 Ohio App.

LEXIS 476, at *9. In determining that a manifest injustice had occurred, the court reasoned that the defendant's attorney had rendered ineffective assistance by conveying an inaccurate promise of a sentence to the defendant, and that the defendant had been induced to enter guilty pleas on that basis.

{¶11} Even if we construe the factual allegations in Alsip's motion as true, Alsip set forth no evidence to show that he had substantially relied on his attorney's statements to him that he would not receive the maximum sentence upon pleading no contest. *See Testerman* at *11; *Lagenkamp* at ¶ 27. Unlike *Collins*, where the defendant and his counsel stated that the defendant would not have pleaded guilty absent the promised sentence, in this case, we do not have any evidence that Alsip would not have pleaded guilty if he thought the maximum sentence might have been imposed. Thus, Alsip failed to meet his burden under Crim.R. 32.1, and the trial court did not abuse its discretion in denying Alsip's motion without an evidentiary hearing. *See Dye*, 1st Dist. Hamilton No. C-120483, 2013-Ohio-1626, at ¶ 6. We overrule Alsip's first assignment of error.

{¶12} In his second assignment of error, Alsip contends that the trial court erred in imposing the maximum prison sentence because he lacked a criminal record. The trial court entered its judgment of conviction on August 12, 2013, and Alsip did not appeal from that order within 30 days as required by App.R. 4(A)(1). Therefore, we have no jurisdiction to entertain this assignment of error. *See State v. Blankenship*, 4th Dist. Ross No. 13CA3364, 2013-Ohio-5261, ¶ 4.

{¶13} In conclusion, we determine that Alsip failed to demonstrate in his Crim.R. 32.1 motion that a manifest injustice occurred when the trial court sentenced him to the maximum prison term on his no-contest plea, despite his attorney's promise to him that he would not receive the maximum sentence, because Alsip did

not come forth with any evidence indicating that he had substantially relied upon his counsel's advice in choosing to plead. Therefore, we affirm the trial court's judgment denying Alsip's motion.

Judgment affirmed.

**CUNNINGHAM, P.J.**, and **DEWINE, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.