[Cite as *State v. Royal*, 2017-Ohio-4146.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160666 |
| | | TRIAL NO. B-1601222-A |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| NEAL ROYAL, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  June 7, 2017


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Engel & Martin, LLC*, and *Joshua Adam Engel*, for Defendant-Appellant.

**MYERS, Judge.**

{¶1} Defendant-appellant Neal Royal appeals the judgment of the Hamilton County Common Pleas Court denying his postsentence motion to withdraw his guilty pleas.

{¶2} Royal was indicted for two counts of felonious assault under R.C. 2903.11(A)(1), two counts of child endangering under R.C. 2919.22(B)(2), and two counts of child endangering under R.C. 2919.22(B)(3). On July 11, 2016, in exchange for the state's dismissal of four counts, Royal entered guilty pleas to one count of felonious assault and one count of child endangering, both of which were felonies of the second degree. The trial court found Royal guilty and continued the matter for sentencing.

{¶3} At the sentencing hearing on August 11, 2016, the trial court sentenced Royal to consecutive seven-year prison terms, for an aggregate 14-year prison sentence. Upon hearing the sentence, Royal told the court that he wanted to withdraw his pleas because his attorney had told him that he would receive "four to six years."

{¶4} The trial court asked defense counsel whether Royal's assertion was correct. Defense counsel responded:

> I did not[.] * * * I told him the window of potential sentence was two to 16 years, your Honor; that it could be two years, it could be 16 years; that same and similar cases here in Hamilton County have had the range between two to six. I said that I think it would - - it would come in between a four and six year sentence is what I told him. But I said the judge had the decision between two and 16.

{¶5} After hearing from both Royal and defense counsel, the trial court stated:

> I know at the time of the plea it's always been my practice to ask you whether there were any promises made to you. And I'm free to

sentence within the range, but just so long as it's within the bounds of the law.

Now, at this point I'm denying your request to withdraw your plea, sir. If you wish, you may file the appropriate motion with the Court. But based on what I've heard here, it's just that you're not happy with the sentence. So it's denied at this point.

If you want to retain counsel for appeal, you have 30 days to do so.

{¶6} Defense counsel informed the court that Royal was indigent and asked if the court would appoint counsel for appellate purposes and for any other motions. The court responded that it would. Royal now appeals.

{¶7} In his first assignment of error, Royal argues that he was denied the effective assistance of counsel at the plea stage. A defendant seeking to withdraw a guilty plea on the ground that counsel was ineffective must show that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992).

{¶8} Royal contends that counsel performed deficiently by misinforming him about the likely sentence he would receive. Defense counsel renders ineffective assistance where counsel inaccurately represents a promise of a sentence to the defendant. *State v. Collins*, 1st Dist. Hamilton No. C-970138, 1998 WL 57791, *7 (Feb. 13, 1998). However, we have recognized that there is a difference between defense counsel's inaccurate representation to his client that there is a promise or agreement as to the sentence and defense counsel's prediction of the sentence that his client will likely receive. *State v. Testerman*, 1st Dist. Hamilton No. C-010040, 2001 WL 930125,

3

*3 (Aug. 17, 2001). Defense counsel's mere inaccurate prediction of a defendant's sentence does not constitute ineffective assistance of counsel. *See State v. Vinson*, 8th Dist. Cuyahoga No. 103329, 2016-Ohio-7604, ¶ 32; *State v. Bryant*, 2013-Ohio-5105, 1 N.E.3d 878, ¶ 32 (10th Dist.). Consequently, even if defense counsel inaccurately predicted a lesser sentence, Royal has failed to demonstrate that counsel was ineffective. *See Bryant* at ¶ 32; *Vinson* at ¶ 33-34. We overrule the first assignment of error.

{¶9} In his second assignment of error, Royal argues that the trial court erred by denying his postsentence motion to withdraw his guilty pleas. Under Crim.R. 32.1, a defendant seeking to withdraw a guilty plea after sentence has been imposed has the burden to establish manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. We review the trial court's decision on a Crim.R. 32.1 motion for an abuse of discretion. *Id.* at paragraph two of the syllabus.

{¶10} According to Royal, a manifest injustice occurred because his pleas were induced by counsel's statement that he would likely receive a sentence of four to six years, and therefore, were involuntary and unintelligent. "Manifest injustice may result from counsel's statements to a defendant regarding a promised sentence; however, '[m]anifest injustice does not ipso facto result' from such statements." *State v. Alsip*, 1st Dist. Hamilton No. C-130699, 2014-Ohio-4180, ¶ 9, quoting *Testerman*, 1st Dist. Hamilton No. C-010400, 2001 WL 930125.

{¶11} Contrary to Royal's assertion, manifest injustice did not result from counsel's erroneous sentence prediction. *See State v. Blatnik*, 17 Ohio App.3d 201, 203, 478 N.E.2d 1016 (6th Dist.1984). The mere inaccurate prediction of the sentence did not invalidate Royal's pleas. At the plea hearing, the trial court complied with Crim.R. 11 in accepting Royal's guilty pleas, and Royal does not contend otherwise. The court informed Royal that he could be sentenced to eight years on each of the offenses, and that the sentences could be ordered to be served consecutively, for a maximum

potential prison term of 16 years. Royal responded affirmatively when the court asked him if he was aware of the potential sentences. In response to questioning by the court, Royal denied that he had been promised anything in exchange for his pleas. Consequently, the record supports a finding that Royal's pleas were voluntarily and intelligently made. *See State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25-26.

{¶12} The trial court properly denied Royal's Crim.R. 32.1 motion upon its finding that Royal had simply had a change of heart when the court imposed a 14-year prison sentence. A mere change of heart is not a reasonable ground to justify the withdrawal of a guilty plea. *State v. Feller*, 2012-Ohio-6016, 985 N.E.2d 210, ¶ 29 (1st Dist.). This was not the extraordinary case where a postsentence motion to withdraw should have been granted, and the trial court did not abuse its discretion in denying the motion. *See Smith*, 49 Ohio St.2d at 264, 361 N.E.2d 1324. We overrule the second assignment of error.

{¶13} In his third assignment of error, Royal argues that the trial court erred by denying him a hearing on his motion to withdraw his guilty pleas. A trial court must hold an evidentiary hearing on a postsentence Crim.R. 32.1 motion if the facts alleged in the motion, and accepted as true by the trial court, would require that the plea be withdrawn. *State v. Brown*, 1st Dist. Hamilton No. C-010755, 2002-Ohio-5813, ¶ 20. The decision whether to conduct a hearing on a Crim.R. 32.1 motion is addressed to the trial court's discretion. *Id.*

{¶14} In this case, Royal's only "motion" was an oral request at his sentencing hearing that was never later supported with an affidavit or sworn testimony. Despite the trial court's indication that Royal could file an appropriate motion with the court and that it would appoint counsel if Royal wanted to file such a motion, Royal did not file a motion. The trial court gave fair consideration to Royal's motion to withdraw his guilty pleas, and was entitled to find defense counsel's statements to be credible.

Notably, Royal never contradicted counsel's statement that he made a prediction to Royal, not a promise of any agreement. Although the hearing was truncated, it was a hearing nonetheless, and was sufficient for the court to conclude that Royal had simply had a change of heart. Therefore, we overrule the third assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.**, and **MILLER, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.