**[Cite as *State v. Stallworth*, 2023-Ohio-3316.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220247 |
| | | TRIAL NO. B-1705451 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | | *O P I N I O N.* |
| | : | |
| GERALD STALLWORTH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 20, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Gerald Stallworth*, pro se.

**KINSLEY, Judge.**

{¶1}    In this appeal, defendant-appellant Gerald Stallworth challenges the trial court's denial of a motion to withdraw his guilty pleas for various sex offenses involving a juvenile victim.  Stallworth alleges that he should have been able to withdraw his pleas, because he was operating under the mistaken belief that he would be eligible for programs in prison that would enable him to reduce the total length of his sentence.  However, because the record demonstrates that the trial court informed him that he *may* be able to participate in programming, not that he *would* be able to, and because he was informed at the time of his pleas that any sentence reduction for programming was required to meet statutory requirements, the trial court did not abuse its discretion in denying Stallworth's motion.

### *Factual and Procedural Background*

{¶2}    In 2017, Stallworth was indicted on 13 counts of unlawful sexual activity involving a minor.  In 2018, in a negotiated agreement with the state, he pleaded guilty to five counts of rape in exchange for the state dismissing the remaining eight counts.

{¶3}    Before it accepted Stallworth's guilty pleas, the trial court reviewed the potential punishments that could be imposed on Stallworth.  It informed him that the first of the five rape counts to which he was pleading guilty carried a potential prison sentence of three to 11 years and that whatever term the court imposed would be mandatory.  With respect to the remaining four counts to which Stallworth pleaded guilty, the trial court told him that it could impose a term of between five and 11 years in prison, that each term would be mandatory, and that he would have to serve it.  After going over the total maximum time Stallworth could receive under the plea agreement,

the trial judge again reiterated that "whatever sentence I impose would be mandatory." Stallworth indicated that he understood.

{¶4} The trial court next informed Stallworth about the possibility of earning credit to reduce the total amount of time he spends in prison: "Though you may be eligible for additional days of credit, or additional credit under circumstances specified in Revised Code 2967.193, but those are not automatic, but you've got to earn those pursuant to the criteria in the statute." Stallworth again said he understood.

{¶5} At a later sentencing hearing, on July 10, 2018, the trial court sentenced Stallworth to an aggregate prison term of 20 years.

{¶6} More than three years later, in October 2021, Stallworth filed a motion to withdraw his guilty pleas. In the motion, he alleged that his attorney ineffectively advised him regarding the nature of his sentences, in that Stallworth believed he would be eligible for judicial release after ten years and that he would be eligible for earned credit by participating in programs and classes in prison, which he claims turned out to be untrue. The trial court denied the motion, and Stallworth now appeals.

### Motion to Withdraw Guilty Plea

{¶7} In a single assignment of error, Stallworth alleges the trial court denied him due process by denying his motion to withdraw his guilty plea without a hearing. We disagree.

{¶8} The decision whether to grant or deny a postsentence motion to withdraw a guilty plea lies within the trial court's discretion, which an appellate court will reverse only upon a showing of an abuse of discretion. *State v. James*, 1st Dist. Hamilton No. C-210319, 2021 Ohio App. LEXIS 4456, 8 (Dec. 22, 2021). Under Crim.R. 32.1, the trial court may grant such a motion to correct a manifest injustice, a

standard which the defendant bears the burden of demonstrating. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus; *State v. Royal*, 1st Dist. Hamilton No. C-160666, 2017-Ohio-4146, ¶ 9. Though a trial court is not required to hold a hearing on every postsentence motion to withdraw a guilty plea, a hearing is required if facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea. (Internal quotation marks and citations omitted.) *State v. Norris*, 8th Dist. Cuyahoga No. 107894, 2019-Ohio-3768, ¶ 26. A postsentence motion to withdraw a plea should only be granted in extraordinary circumstances. *Smith* at 264; *State v. Testerman*, 1st Dist. Hamilton No. C-010040, 2001 Ohio App. LEXIS 3605, 5 (Aug. 17, 2001).

{¶9} Stallworth argues that he was unaware at that time he pleaded guilty that his 20-year aggregate sentence would be mandatory. But the trial court advised him on no fewer than three occasions that each count to which he was pleading carried mandatory prison time and that he would have to serve the total time imposed by the court. Stallworth indicated that he understood the mandatory nature of the sentences before he entered his pleas.

{¶10} Stallworth also argues, both based on statements by the trial court and unspecified discussions with his attorney outside of court, that he believed he would be eligible for a sentencing reduction based on his participation in programs and classes in prison. He represents that he has now been told by prison officials that he cannot earn credit against his sentences through these programs, despite successfully participating in them.

{¶11} While we commend Stallworth for his efforts to complete prison programming, the record reveals no promise of earned credit for doing so. To the

contrary, the trial court advised Stallworth that he *may* be able to reduce his sentences this way, but only if he met certain statutory criteria. The trial court further explained that this opportunity was "not automatic."

**{¶12}** As such, this is not an extraordinary case in which allowing Stallworth's guilty pleas to stand would constitute a manifest injustice. Rather, the record reveals that the trial court advised Stallworth before he elected to plead guilty both of the fact that his prison time was mandatory and that earned credit through programming was subject to statutory criteria. The trial court therefore did not abuse its discretion in denying Stallworth's postsentence motion to withdraw his plea. *See James,* 1st Dist. Hamilton No. C-210319, 2021 Ohio App. LEXIS 4456, at 9.

**{¶13}** We accordingly overrule Stallworth's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**CROUSE, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.