[Cite as *State v. Feller*, 2012-Ohio-6016.]

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-110775 |
| | | C-110776 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-1105258 |
| | | B-1002708-B |
| vs. | : | |
| | | *O P I N I O N.* |
| RILEY FELLER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed as Modified

Date of Judgment Entry on Appeal:  December 21, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings* and *Scott M. Heenan*, Assistant Prosecuting Attorneys, for Plaintiff-Appellee,

*J. Rhett Baker*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

SYLVIA S. HENDON, Judge.

{¶1}   Defendant-appellant Riley Feller appeals from the trial court's judgments convicting him of felonious assault, two counts of reckless homicide, and having a weapon while under a disability.  We affirm Feller's convictions, but we modify in part the sentence imposed for the offense of felonious assault.

*Factual Background*

{¶2}   In the case numbered B-1002708-B, Feller pled no contest to felonious assault and was found guilty by the trial court.  The underlying facts of that crime are not relevant to this appeal, but Feller's conviction stemmed from his role in the beating of a homeless man.  Feller was released on bond pending sentencing in that case.  While out on bond, Feller committed the following actions that led to him being charged with two counts of reckless homicide and having a weapon while under a disability in the case numbered B-1105258.[1]

{¶3}   On January 6, 2011, Feller had spent the afternoon and early evening drinking at his home with his girlfriend, Athene Nefos, and his close friend Michael Hesson.  Following an argument with Nefos, Feller left with Hesson, and the two continued their drinking at the apartment shared by Hesson and his girlfriend, Janice Svajda.  Feller, a veteran of the United States Army who had been trained in the use of the weapons, had taken a handgun from his apartment to Hesson's.  While he and Hesson were drinking, Feller took apart the handgun.  The weapon had been double feeding, and Feller attempted to fix the malfunction.  He continued to tinker

---

[1] B-1105258 and B-1002708-B, along with their corresponding appellate cases, have been consolidated for purposes of oral argument and decision by this court.  But the cases were not consolidated for briefing, and Feller has filed a separate appellate brief in each case.

with the handgun after Svajda returned home, and he ignored requests from his friends to remove the bullets from the weapon as he "messed with" it. As Feller attempted to fix the handgun, it discharged and struck Svajda in the chest. Svajda had been pregnant, and both she and her unborn child died from the resulting injuries.

### Speedy Trial

{¶4} In his first assignment of error in the appeal numbered C-110775, Feller challenges his conviction for the reckless homicide terminating Svajda's pregnancy on speedy trial grounds.

{¶5} Feller was indicted for this charge on August 16, 2011. But he contends that the charge dated back to an earlier indictment, and that any time waivers executed under the earlier indictment were inapplicable to this charge. Feller's argument is not demonstrated in the record.

{¶6} The record before this court contains an indictment issued on August 16, 2011. Feller executed a waiver of time for speedy trial purposes on September 7, 2011. And his jury trial began on October 24, 2011. Based on the record before this court, Feller was tried for the reckless homicide terminating Svajda's pregnancy within the time period set forth in R.C. 2945.71. Feller's assignment of error is overruled.

### Witness Demonstration

{¶7} In his second assignment of error in the appeal numbered C-110775, Feller argues that the trial court violated his right to present a proper defense when it

denied his request to demonstrate, using a gun and dummy bullets, his exact movements at the time that Svajda was shot.

{¶8} A trial court has broad discretion to control the proceedings in its courtroom. *State v. Brewster*, 1st Dist. Nos. C-030024 and C-030025, 2004-Ohio-2993, ¶ 70. The trial court likewise has discretionary control over the admission and exclusion of evidence. *State v. Vanover*, 1st Dist. No. C-990104, 2000 Ohio App. LEXIS 4469, *9 (Sep. 29, 2000). No abuse of discretion occurred in the trial court's denial of Feller's request. The trial court was rightfully concerned about safety issues stemming from the use of a weapon and any type of bullets in its courtroom. And Feller had previously demonstrated to the jury various movements and actions that he had taken with the weapon prior to the shooting, so he suffered no prejudice as a result of the trial court's denial. Feller's assignment of error is overruled.

### *Jury Instructions*

{¶9} In his third assignment of error in the appeal numbered C-110775, Feller argues that the trial court improperly instructed the jury on the charge of having a weapon while under a disability.

{¶10} With respect to this charge, the trial court instructed the jury that

[t]he defendant is charged with having weapons while under disability. Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about the sixth day of January, 2011, and in Hamilton County, Ohio, the defendant knowingly acquired, had, carried or used a firearm and that the defendant was under indictment for felonious assault. * * * It is not

4

> necessary for the state to prove that the defendant knew he was under indictment for felonious assault while possessing a firearm.

Feller argues that the court erred by instructing the jury that the state was not required to prove a culpable mental state with respect to Feller's knowledge of his indictment for felonious assault.

{¶11} *State v. Johnson*, 128 Ohio St.3d 107, 2010-Ohio-6301, 942 N.E.2d 347, is dispositive of Feller's argument. In *Johnson*, the court held that

> [a] conviction for violation of the offense of having weapons while under disability as defined by R.C. 2923.13(A)(3) does not require proof of a culpable mental state for the element that the offender is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution or trafficking in any drug of abuse.

*Id.* at paragraph one of the syllabus. *Johnson* involved a disability for a prior drug offense under R.C. 2923.13(A)(3). In this case, Feller was under a disability for a prior indictment for a felony offense of violence under R.C. 2923.13(A)(2). With respect to the *Johnson* court's ultimate holding, the type of disability the defendant was under is of no import.

{¶12} The *Johnson* court noted that the General Assembly had chosen to require a mental state only for the first element of the offense of having weapons under disability, specifically the possession and/or use of a weapon. *Id.* at ¶ 42.

Consequently, the court found that it did not need to turn to R.C. 2901.21(B), Ohio's statutory provision outlining when a mental state should be read into an offense that does not otherwise specify a degree of culpability. *Id.* Absent the applicability of R.C. 2901.21(B), the court held that the state was not required to prove a culpable mental state for the latter element of R.C. 2923.13(A)(3) pertaining to a prior indictment or conviction for a drug related offense. *Id.*

{¶13} R.C. 2923.13(A)(2) and (A)(3) differ only in the specified type of prior indictment or conviction. We hold that *Johnson* applies equally to the offense of having a weapon while under a disability under R.C. 2923.13(A)(2), and that the state was not required to prove that Feller knew he had been under indictment for felonious assault.

{¶14} The trial court properly instructed the jury on the offense of having a weapon while under a disability. Feller's assignment of error is overruled.

### *Prosecutorial Misconduct*

{¶15} In his fourth assignment of error in the appeal numbered C-110775, Feller argues that the trial court erred in permitting the prosecutor to conduct an improper voir dire.

{¶16} Feller objects to the prosecutor's questions concerning whether the community had a right to a verdict in its favor. The test for prosecutorial misconduct is whether the prosecutor's questions were improper, and, if so, whether the improper questions prejudicially affected the defendant's substantial rights. *State v. Glenn*, 1st Dist. No. C-090205, 2011-Ohio-829, ¶ 52, citing *State v. Smith*, 14 Ohio St.3d 13, 14-15, 470 N.E.2d 883 (1984).

{¶17} The following exchange occurred during voir dire:

6

STATE: If both sides get a fair trial, do the people that live in Hamilton County have a right to a verdict in their favor?

DEFENSE: Objection, Your Honor. That's not the law.

STATE: I think, if I'm making my point, is they don't have a right to it; they have a right to a fair process.

DEFENSE: I made an objection here.

COURT: It's overruled.

STATE: I hope you understand what I mean is that if both sides get a fair trial, the people who live in this community don't have a right to a verdict in their favor.

DEFENSE: Objection to 'the people in the community.'

COURT: Overruled.

STATE: The people who live in the community don't have a right to a verdict in their favor; they have a right to a verdict that is fair to the law and to the facts. Do you know what I am saying? In other words, just because somebody's charged with a crime, that people in this community don't deserve a verdict of guilty, okay. And just the same thing with the defendant. Just because if the defendant gets a fair trial, that doesn't entitle him to a not guilty verdict.

{¶18} These comments were not improper. Viewed in context, it is clear that the prosecutor was attempting to illustrate that both the state and the defendant are entitled to a fair trial. The trial court did not err in permitting this line of questioning. Feller's assignment of error is overruled.

*Sufficiency and Weight*

{¶19} In his fifth assignment of error in the appeal numbered C-110775, Feller argues that his convictions for reckless homicide were not supported by sufficient evidence and were against the manifest weight of the evidence.

{¶20} When determining whether a conviction is supported by sufficient evidence, this court must view all evidence and reasonable inferences in the light most favorable to the prosecution and determine whether a rational trier of fact could have found all the elements of the offense proven beyond a reasonable doubt. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). In contrast, when reviewing the manifest weight of the evidence, we must weigh the evidence and consider the credibility of the witnesses to determine whether the trier of fact lost its way and committed such a manifest miscarriage of justice in finding the defendant guilty that the convictions must be reversed. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶21} Feller was found guilty of two counts of reckless homicide under R.C. 2903.041(A), which provides that "[n]o person shall recklessly cause the death of another or the unlawful termination of another's pregnancy." Pursuant to R.C. 2901.22(C), "[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." Feller argues that the shooting of Svajda had been an accident, and that the state failed to prove that he had acted recklessly.

{¶22} The state presented testimony that Feller had spent the hours prior to Svajda's death consuming a large amount of alcohol and that he had attempted to

repair a malfunctioning handgun while drinking. Michael Hesson testified that he had asked Feller to stop tinkering with the weapon, or, at the very least, to remove the bullets from the weapon if he intended to keep "messing" with it. Feller ignored both requests and continued to "mess with" the loaded weapon. Hesson further asked Feller to refrain from pointing the weapon at Svajda. Feller again ignored Hesson's request. As he continued to tinker with the weapon, it fired and struck Svajda. We find that Feller's attempt to fix the weapon while under the influence of alcohol, despite requests by his friends for him to stop, demonstrated a heedless indifference for the consequences of his actions and was sufficient evidence to establish that he acted recklessly.

{¶23} Feller further argues that the state failed to present any evidence that he was aware that Svajda had been pregnant at the time of her death. But the state was not required to prove that Feller had knowledge of the pregnancy. It was solely required to prove that Svajda had been pregnant, and that Feller had recklessly caused the unlawful termination of her pregnancy. The state presented testimony from Hamilton County Deputy Coroner Karen Looman that Svajda had been pregnant at the time of her death. And we have already determined that the state presented sufficient evidence that Feller had acted recklessly. Feller's convictions for the reckless homicide of Svajda and the reckless homicide of her unborn child were supported by sufficient evidence.

{¶24} We further find that Feller's convictions for reckless homicide were not against the manifest weight of the evidence. Feller admitted that he had shot Svajda, but testified that the shooting had been an accident. Feller told the jury that he was an Army veteran and had been extensively trained in the use of weapons. He

9

testified that, in his opinion, his actions in attempting to fix the weapon had not been unsafe. The jury was in the best position to judge the credibility of the witnesses. It was entitled to reject Feller's testimony that he had operated the weapon safely and to conclude that he had behaved recklessly. This is not the rare case in which the jury lost its way and created a manifest miscarriage of justice.

{¶25} Feller's assignment of error is overruled.

### *Motion to Withdraw Plea*

{¶26} In his second assignment of error in the appeal numbered C-110776, Feller argues that the trial court erred by failing to conduct a hearing on his motion to withdraw his plea and by denying that motion.

{¶27} After his arrest on the reckless-homicide and having-a-weapon-while-under-a-disability charges, Feller filed a motion to enforce his plea agreement, or in the alternative to withdraw his plea to felonious assault, in the case numbered B-1002708-B. After conducting a hearing on Feller's motion, the trial court found that the parties had never entered into a formal plea agreement, and it denied the motion.

{¶28} Feller's assertion that the trial court failed to hold a hearing on his motion to withdraw his plea is incorrect. The trial court accorded Feller a hearing on his motion. At that hearing, Feller elected to argue only the merits of that portion of his motion concerning enforcement of the plea agreement. The trial court was not required to accord Feller two separate hearings on each portion of his motion.

{¶29} We further find that the trial court properly denied Feller's motion to withdraw his plea. Although a presentence motion to withdraw a plea should be freely granted, a defendant does not have an absolute right to withdraw a plea prior to sentencing. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). We will

10

not disturb a trial court's ruling on a motion to withdraw a plea absent an abuse of discretion. *State v. Andrews*, 1st Dist. No. C-110735, 2012-Ohio-4664, ¶ 16. A mere change of heart on the part of the defendant is not a reasonable ground to support the withdrawal of a plea. *State v. Jones*, 1st Dist. No. C-110603, 2012-Ohio-2075, ¶ 9.

{¶30} Here, the record indicates that Feller's motion to withdraw his plea was based on nothing more than a change of heart. Feller failed to cooperate with the state after being released on bond and he incurred multiple serious new charges. We find that Feller had entered his plea knowingly, intelligently, and voluntarily, and that the trial court did not abuse its discretion by denying his motion.

{¶31} Feller's assignment of error is overruled.

### Sentencing

{¶32} In his sixth assignment of error in the appeal numbered C-110775, Feller argues that the trial court erred in failing to merge his two convictions for reckless homicide because they were allied offenses of similar import.

{¶33} R.C. 2941.25(A), Ohio's multiple-count statute, provides that, "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

{¶34} Because there were two victims of Feller's crimes, his convictions were not allied offenses of similar import and separate sentences were permitted. Feller argues that Svajda was the victim of both reckless homicide charges because the state had failed to demonstrate that her unborn child was viable and appropriately classified as a person under R.C. 2901.01(B)(1)(a). Feller's argument is flawed. R.C.

2903.041, the reckless homicide statute, protects two categories of victims. The statute states that "[n]o person shall recklessly cause the death of another or the unlawful termination of another's pregnancy." *See* R.C. 2903.041(A).

{¶35} The term unlawful termination of another's pregnancy is defined in R.C. 2903.09(A) as "causing the death of an unborn member of the species homo sapiens, who is or was carried in the womb of another, as a result of injuries inflicted during the period that begins with fertilization and that continues unless and until live birth occurs." The General Assembly elected to protect the unborn from the moment of fertilization, not from a moment of viability. *State v. Alfieri*, 132 Ohio App.3d 69, 78, 724 N.E.2d 477 (1st Dist.1998). We have held that criminal liability may be premised upon the death of a non-viable fetus. *Id.* at syllabus.

{¶36} Here, although Feller's offenses arose from a single course of conduct, each offense involved a separate victim, Svajda and her unborn child. *See State v. Wright*, 1st Dist. No. C-080437, 2009-Ohio-5474, ¶ 62, (an unborn child qualified as a victim separate and apart from its pregnant mother). The two counts of reckless homicide were not allied offenses of similar import and the trial court properly imposed separate sentences for these offenses. Feller's assignment of error is overruled.

{¶37} In his seventh assignment of error in the appeal numbered C-110775, Feller argues that the trial court erred in imposing maximum and consecutive sentences for the two offenses of reckless homicide and having a weapon while under a disability in the case numbered B-1105258. The trial court imposed a sentence of three years' imprisonment for each offense and three years' imprisonment for an accompanying weapon specification. It made these sentences consecutive to each

other, as well as consecutive to the five year sentence that it had previously imposed in the case number B-1002708-B. This resulted in an aggregate sentence of 17 years' imprisonment.

{¶38} When reviewing a sentence imposed by the trial court, we engage in a two-step analysis. We first determine whether the sentences imposed were clearly and convincingly contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 14. Here, all sentences imposed fell within the available statutory ranges. And the trial court made all the required findings pursuant to R.C. 2929.14(C) before making the sentences consecutive. Feller's sentence was not contrary to law. We next determine whether the trial court abused its discretion in the imposition of sentence. *Id.* at ¶ 19. Feller's actions resulted in the death of a young woman and her unborn child. And he committed these crimes while awaiting sentence on a separate case, after he had been accorded the privilege of being released on bond. No abuse of discretion occurred in the imposition of sentence in the case numbered B-1105258. Feller's assignment of error is overruled.

{¶39} In his first assignment of error in the appeal numbered C-110776, Feller argues that the trial court erred in making his sentence for felonious assault in the case numbered B-1002708-B consecutive to a sentence that had not yet been imposed.

{¶40} The trial court imposed a sentence of five years' imprisonment for the offense of felonious assault. The court then made that sentence consecutive to the sentence that it would later impose in the case numbered B-1105258. Feller argues that this was error. He is correct. In *State v. White*, 18 Ohio St.3d 340, 343, 481 N.E.2d 596 (1985), the Ohio Supreme Court held that a trial court had erred by

ordering a sentence to run consecutively with a sentence that had not yet been imposed.

{¶41} At the time of sentencing for the offense of felonious assault in the case numbered B-1002708-B, the sentence in the case numbered B-1105258 had not yet been imposed and was not going to be imposed immediately thereafter. Consequently, the trial court erred by making the sentence imposed for felonious assault consecutive to that sentence. We modify the sentence imposed for the offense of felonious assault in the case numbered B-1002708-B and vacate the language making that sentence consecutive to the sentence imposed in the case numbered B-1105258. Feller's overall sentence remains the same, as the trial court had additionally and appropriately made the same sentences consecutive when imposing sentence in the case numbered B-1105258. Feller's assignment of error is sustained.

### *Conclusion*

{¶42} The trial court's judgments convicting Feller of felonious assault, two counts of reckless homicide, and having a weapon while under a disability are affirmed. We modify the sentence imposed for felonious assault in the case numbered B-1002708-B and vacate the imposition of consecutive sentences imposed in that case. The sentences imposed by the trial court are otherwise affirmed.

Judgments affirmed as modified.

**HILDEBRANDT, P.J.,** and **DINKELACKER, J.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.