[Cite as *State v. Sullivan*, 2015-Ohio-4845.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-150091 |
| | | C-150098 |
| Plaintiff-Appellee, | : | TRIAL NO. 14CRB-33774 |
| vs. | : | |
| BRUCE SULLIVAN, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed as Modified

Date of Judgment Entry on Appeal: November 25, 2015

*Paula Boggs Muething*, City Soliciter, *Natalia Harris*, City Prosecutor, and *Lauren DeGoricia*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffman*, Assistant Public Defender, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}     This is an appeal from a municipal court conviction for violation of a protective order.  The first issue that we must address is whether certain markings on the judgment-entry form used by the judge constitute part of the sentence and, thus, were required to be announced in open court in the defendant's presence.  Additionally, we consider whether the conviction was based on insufficient evidence or against the manifest weight of the evidence.  We modify the sentence to remove a reference to consecutive sentences, and affirm the trial court's judgment as modified.

### I. Background

{¶2}     In July 2014, the Hamilton County Municipal Court issued a domestic-violence protection order that prohibited Bruce Sullivan from contacting his ex-girlfriend, Alisha Cottingham.  A few months later, Ms. Cottingham received two calls from a telephone number she did not recognize.  When she answered the second call, she thought the voice sounded familiar.  She asked who was calling, and the caller stated, "This is Bruce."  Ms. Cottingham testified that because the protection order was in place, she hung up and called the prosecutor, and two days later, contacted the police.

{¶3}     In response to her report, a police officer visited Ms. Cottingham at her home.  Using a "screen shot" of the number that Ms. Cottingham had captured, the officer returned the phone call.  A man who identified himself as Bruce Sullivan answered. Mr. Sullivan acknowledged that he had been dealing with this case for a while and had been "locked up over it a couple times."  The officer asked him why he had called Ms. Cottingham when he knew that there was a protection order, and Mr. Sullivan replied that he had not called her.  After a bench trial, Mr. Sullivan was convicted.  The

court sentenced Mr. Sullivan to 180 days in jail, but suspended the sentence and ordered one year of community control, a $200 fine, and court costs.

## II. Judgment Entry

{¶4} In his first assignment of error, Mr. Sullivan argues the court erred in sentencing him, because the court's judgment entry does not match the sentencing conditions that were announced in open court. Mr. Sullivan also contends the court erred when it ordered his jail sentence in this case to be served consecutively to his sentence in another case, which had not yet been imposed.

{¶5} In open court, the judge announced a sentence of one year of community control, court costs, and a $200 fine. The only terms of community control stated were electronic and juris monitoring, and that Mr. Sullivan was to have no contact with Ms. Cottingham. Mr. Sullivan does not dispute that all of those conditions were announced at sentencing and properly appear in the entry.

{¶6} But Mr. Sullivan argues that the judgment entry contains other sentencing terms that were not announced in open court. Specifically, Mr. Sullivan says the entry imposes consecutive sentences, makes him ineligible for certain sentence reductions, and requires that he undergo treatment. He contends that because these sentencing terms were not announced in open court, his right to due process has been violated. Mr. Sullivan is correct that sentencing terms in a judgment entry must match those announced in open court in the defendant's presence. *See State v. Carpenter*, 1st Dist. Hamilton No. C-950889, 1996 Ohio App. LEXIS 4434, *4-5 (Oct. 9, 1996). But we do not read the judgment entry in this case to impose any sentencing terms that were not announced in open court.

{¶7}     The trial court used a standard criminal judgment entry form of the Hamilton County Municipal Court. Presumably, such a form is employed to allow municipal court judges to manage the large caseload with which they are confronted. A copy of the form entry in Mr. Sullivan's case is set forth to the right. Mr. Sullivan focuses on the boxes checked by the court: "extended treatment," "any treatment if eligible," "not eligible for 2 for 1," "not eligible for 3 for 1." (We will



leave aside for a moment the box marked consecutive.)

{¶8}     It is important to understand that the form not only sets forth the defendant's sentence, but also provides instructions to the sheriff. The boxes that are checked are not located in the portion of the form that imposes a community-control sanction, but rather in the section of the form that deals with jail time. Indeed, just above the checked boxes is the inscription, "To the Sheriff of Hamilton County, Greetings." Here, the form tells the sheriff that Mr. Sullivan is not eligible for a program by which a defendant is given a sentence reduction of 3 days for every 1 day served, nor a program by which a defendant is given a sentence reduction of 2 days for every 1 day

4

served. These instructions are consistent with R.C. 2947.151, which allows the sheriff to grant such credit based upon work performed by the inmate while in jail, but only upon "the written concurrence of the presiding or sentencing judge." Similarly, the checks in the boxes related to treatment tell the sheriff about Mr. Sullivan's eligibility for treatment programs in jail. In Mr. Sullivan's case, his sentence was suspended, so no jail time was actually imposed. Presumably, however, in the event that the suspended sentence was imposed, the checked boxes would provide guidance to the sheriff about treatment eligibility and eligibility for sentence-reduction programs during Mr. Sullivan's stay in jail.

{¶9} We disagree with Mr. Sullivan's assumption that the judment entry ordered him to undergo treatment as a condition of community control. There is no order of treatment in the section of the entry that lists the conditions of community control. Rather, the treatment references are in the portion of the form relating to jail time. Thus, the treatment references in the entry simply serve as guidance to the sheriff should the stayed sentence be imposed.

{¶10} Because we conclude that the markings on the judgment entry relating to treatment and eligibility for 2-for-1 and 3-for-1 credit were not part of the sentence imposed, but merely instructions to the sheriff, we overrule Mr. Sullivan's first assignment of error in this regard.

{¶11} That leaves the box marked "consecutive." Mr. Sullivan was only sentenced on one offense, so there is nothing to which the sentence could have been consecutive. Mr. Sullivan suggests that the checked box indicates that the trial court intended the sentence to be consecutive to any sentence that might be imposed in the underlying domestic-violence case. A trial court, however, may not order a sentence to be served consecutively to another sentence that has not yet been announced. *State v.*

*Feller*, 2012-Ohio-6016, 985 N.E.2d 210, ¶ 41 (1st Dist.). We do not know if Mr. Sullivan is correct in his supposition that the trial court meant to make the sentence consecutive to the unimposed sentence or if the checked box was simply an error. Regardless, to alleviate any confusion, we will exercise our authority under App.R. 12(B) to modify the court's judgment to remove the consecutive-sentences marking.

{¶12} Therefore, we sustain Mr. Sullivan's first assignment of error in part and modify the sentence to remove the consecutive marking. We overrule the assignment of error in all other respects.

### III.    Weight and Sufficiency

{¶13} In his second assignment of error, Mr. Sullivan claims his conviction was not supported by sufficient evidence and was contrary to the manifest weight of the evidence.

{¶14} The statute under which Mr. Sullivan was convicted, R.C. 2919.27, requires a showing that the defendant recklessly violated the terms of a protection order. The protection order issued here was in place to protect Ms. Cottingham from Mr. Sullivan during the pendency of the domestic-violence case against him. Ms. Cottingham testified that she received a call from Mr. Sullivan and then contacted the prosecutor, because the protection order was in place. When she later called the police, the officer telephoned Mr. Sullivan, who identified himself. This evidence was sufficient to meet the elements of the offense. *See State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. As to the manifest-weight challenge, our review of the record—including a weighing of the evidence and all reasonable inferences, and consideration of the credibility of the witnesses—does not lead us to conclude that the trial court so clearly lost its way as to create a manifest

miscarriage of justice. *See State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Mr. Sullivan's second assignment of error is overruled.

## IV. Conclusion

{¶15} We modify the judgment entry to omit the reference to consecutive sentences. We affirm the trial court's judgment as modified.

Affirmed as modified.

**CUNNINGHAM, P.J.,** and **STAUTBERG, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.