[Cite as *State v. Browner*, 2024-Ohio-1547.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240058 |
| | | TRIAL NO. 22CRB-13026 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| ANTHONY BROWNER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:   Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: April 24, 2024

*Emily Smart Woerner*, City Solicitor, *William T. Horsely*, Chief Prosecuting Attorney, *Victoria Gooder*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellant.

**KINSLEY, Judge.**

{¶1} Defendant-appellant Anthony Browner appeals the sentence of the Hamilton County Municipal Court following his guilty plea to a probation violation. Browner takes issue with the trial court's instruction to the sheriff to deny his participation in discretionary sentencing reduction programs. For the reasons set forth below, we affirm the judgment of the trial court.

*Factual and Procedural Background*

{¶2} On July 14, 2023, Browner pled guilty to violating a protection order in violation of R.C. 2919.27, a misdemeanor of the first degree. Browner was sentenced to 180 days in jail, with credit for 13 days he had already spent in custody. The trial court suspended the remaining 167 days, placed Browner on community control for two years, and imposed a $100 fine and court costs. The trial court further ordered that Browner be placed on a "Transdermal Alcohol Detector" ("TAD") unit for 90 days, stay away from the complaining witness, attend anger management classes, complete alcohol treatment, and abstain from drinking alcohol. Lastly, the trial court explained that any violation of his community control would result in the imposition of his suspended sentence.

{¶3} On July 24, 2023, a mere ten days after his guilty plea, Browner was charged with violating the terms of his community control. The complaint alleged that Browner failed to comply with the court's order to obtain the TAD unit.

{¶4} On January 11, 2024, Browner pled guilty to the community control violation. As a result, the trial court imposed the remaining 167 days of his suspended sentence. In its sentencing entry, the trial court indicated that Browner would not be eligible for any "2-for-1's" or "3-for-1's" or "detail" programs operated by the sheriff

that might enable Browner to reduce his sentence. He would, however, be permitted to participate in any treatment programs for which he might be eligible.[1] The trial court also remitted Browner's previously-imposed fine and court costs.

{¶5}    Browner timely filed this appeal.

### *Sentencing*

{¶6}    Browner asserts a single assignment of error on appeal. He alleges that the trial court committed plain error by altering the terms of his suspended sentence when it was invoked following his guilty plea to a community control violation. He points to R.C. 2947.151, which permits the sheriff to reduce by factors of one-half or one-third the amount of time a person spends in jail if the person participates in specific kitchen, office, or work programs. Browner contends that his original sentence for violating a protection order allowed him to participate in these programs, while his invoked suspended sentence did not.

{¶7}    We begin by addressing the issue of ripeness. The state contends that Browner's argument is not yet ripe for review because the record contains no evidence that he was denied participation in a particular program. A case is not yet ripe if it rests on contingent future events that have not yet occurred or might not occur at all. *See Colosseo USA, Inc. v. Univ. of Cincinnati*, 1st Dist. Hamilton No. C-180223, 2019-Ohio-2026, ¶ 18. Here, however, Browner's denial of participation in the programs described in R.C. 2947.151 is effectuated by the trial court's sentencing order instructing the sheriff that he is not eligible. Therefore, no future action is needed to deny him from participation, and the matter is ripe for our review.

---

[1] In addition to noting Browner's eligibility for treatment in the sentencing entry, the trial court also explained Browner's early release options to him at the sentencing hearing. It informed him that "if you do complete that treatment then they'll fix a motion and let me know what your progress is with that treatment plan from the Hamilton County Sheriff's Department."

{¶8} Browner's position, however, is not meritorious. Arguments like Browner's that were not raised below are generally subject to a plain error review. *Carlson v. City of Cincinnati*, 1st Dist. Hamilton No. C-190631, 2020-Ohio-4685, ¶ 33. Plain errors must satisfy three limitations set forth in Crim.R. 52(B). *State v. Garrett*, 171 Ohio St.3d 139, 2022-Ohio-4218, 216 N.E.3d 569, ¶ 63. First, an error, meaning a deviation from a legal rule, must have occurred. *Id.* Second, the error must be plain, in that there must be an obvious defect in the trial proceedings. *Id.* Third, the error must have affected substantial rights, meaning that "the trial court's error must have affected the outcome of the trial." *Id.*

{¶9} Browner argues that the trial court committed plain error by modifying his suspended sentence for the underlying offense of violating a protection order to make him ineligible for a sentence reduction, rather than merely invoking the suspended sentence as it had been previously imposed. Browner contends that the trial court's order denying his eligibility for a sentence reduction under R.C. 2947.151 constituted a sentence modification. We disagree.

{¶10} This court has previously addressed this argument in *State v. Sullivan*, 1st Dist. Hamilton Nos. C-150091 and C-150098, 2015-Ohio-4845. In that case, Sullivan was convicted of violating a protection order. *Id.* at ¶ 1. The trial court sentenced him to 180 days in jail, but suspended the sentence and placed him on one year of probation. *Id.* at ¶ 3. In completing its standard sentencing form, the trial court checked boxes that stated, "not eligible for 2 for 1" and "not eligible for 3 for 1." *Id.* at ¶ 7.

{¶11} On appeal, Sullivan argued that the judgment entry contained sentencing terms not announced in court, including the checked boxes making him

4

ineligible for certain sentencing reductions. *Id.* at ¶ 6. In rejecting Sullivan's contention, this court characterized the denial of program eligibility as a direction to the sheriff, rather than a term of Sullivan's sentence. *Id.* at ¶ 8. In so doing, the court repeatedly referred to the trial court's order that Sullivan not participate in R.C. 2947.151 sentence reduction programs as "instructions" that guide how the sheriff carries out the underlying sentence, rather than a part of the sentence itself. *Id.* at ¶ 8, 10.

{¶12} This case is similar to *Sullivan*. Here, the trial court ordered that Browner would not be eligible for "2-for-1's" or "3-for-1's" at his community control violation hearing. Although the trial court did not "check boxes" on the original sentencing entry, the effect of its subsequent order making Browner ineligible for sentence reduction programs is identical to *Sullivan*. The eligibility language in the order was merely an instruction to the sheriff regarding Browner's participation in these programs, not an alteration to the sentence itself.

{¶13} Browner has therefore failed to show that any error or mistake of law occurred as required by the plain error standard. His sole assignment of error is therefore overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**BERGERON, P.J.,** and **CROUSE, J.,** concur.

Please note:
        The court has recorded its own entry on the date of the release of this opinion.