**[Cite as *State v. Cole*, 2024-Ohio-5303.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                     Court of Appeals No.  WD-24-018

      Appellee                               Trial Court No. 2023 CR 0175

v.

Jimmy David Cole                          **DECISION AND JUDGMENT**

      Appellant                               Decided:   November 1, 2024

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} This matter is before the court on appeal from the Wood County Court of

Common Pleas judgment of January 16, 2024, sentencing appellant, Jimmy David Cole,

to an aggregate prison term of life with the possibility of parole after 30 years, following

his guilty plea to five of six counts in the indictment. For the reasons that follow, we affirm.

## II. Facts and Procedural History

{¶ 2} The facts in this case are not in dispute concerning the murder of appellant's pregnant girlfriend, A.R., and her unborn child. On March 30, 2023, A.R.'s family discovered her lifeless body in her apartment in Bowling Green, Ohio. An autopsy showed A.R. had four stab wounds, with one penetrating the heart and another penetrating the lung. As a result of A.R.'s death, her 21-week fetus also died. Appellant was subsequently located by police in Fostoria, Ohio. Appellant was found with a knife handle, forensically tested and determined to be part of the murder weapon. Appellant admitted he knew A.R. was pregnant, and he admitted he stabbed A.R. once in the kitchen, then followed her into the living room where he inflicted additional stab wounds.

{¶ 3} Police arrested appellant and charged him with two counts of murder in Counts 1 and 2 of the indictment, in violation of R.C. 2903.02(A)and (D) and 2929.02(B), an unclassified felony, one count of attempted murder in Count 3 of the indictment, in violation of R.C. 2903.02(B)and (D) and 2929.02(B), an unclassified felony, two counts of felonious assault in Counts 4 and 5 of the indictment, in violation of R.C. 2903.11(A)(2) and (D)(1)(a), felonies of the second degree, and one count of tampering with evidence in Count 6 of the indictment, in violation of R.C. 2921.12(A)(1) and (B), a felony of the third degree. Count 1 in the indictment specifically referenced the

2.

purposeful murder of A.R. Count 2 in the indictment specifically referenced the purposeful, unlawful termination of A.R.'s pregnancy.

{¶ 4} On April 13, 2023, appellant was arraigned and entered not guilty pleas to the charges. Appellant, through trial counsel, filed a motion for a bill of particulars. The state filed a response, providing the following information as to the murder counts:

1. Count 1: Murder. On or about the 30th day of March 2023, in Wood County, Ohio, Jimmy Cole did purposely cause the death of [A.R.] This is in violation of R.C. 2903.02(A).
On or about March 30, 2023, Defendant did purposely cause the death of [A.R.] by stabbing her multiple times with a knife or sharp bladed object.

2. Count 2: Murder. On or about the 30th Day of March 2023, in Wood County, Ohio, Jimmy Cole did purposely cause the unlawful termination of [A.R.'s] pregnancy. This is in violation of R.C. 2903.02(A).
On or about March 30, 2023, Defendant did purposely cause the unlawful termination of [A.R.'s] pregnancy by stabbing her multiple times with a knife or sharp bladed object.

{¶ 5} On November 13, 2023, appellant entered guilty pleas to Counts 1 through 5, as indicted. The state agreed to dismiss Count 6. The trial court accepted the plea, found appellant guilty, and scheduled a sentencing hearing on January 12, 2024.

{¶ 6} Appellant's trial counsel filed a sentencing memorandum, prior to sentencing, arguing that Counts 1 and 2 were not committed separately, and appellant did not act with a separate animus in causing the unlawful termination of A.R.'s pregnancy. He argued that the only issue before the trial court was "whether Defendant Cole may be convicted and sentenced for multiple offenses when the offenses are dissimilar in import or significance." In arguing in favor of merger, Appellant argued that the unborn child

3.

was not a "person" as defined by R.C. 2901.01(B)(1)(a), because the unborn child was not "viable."

{¶ 7} The state also filed a sentencing memorandum, citing to authority that addressed offenses against pregnant women. The state noted authority from other Ohio jurisdictions that applied the concept of separate victims where the offense was perpetrated against a pregnant woman, and argued the record, in appellant's case, supports imposing separate sentences for each murder count.

{¶ 8} On January 12, 2024, the trial court held the sentencing hearing. The parties stipulated and the trial court found Counts 3, 4, and 5 were allied offenses and merged with Count 1, and the state elected to proceed on Count 1. Appellant's trial counsel renewed argument that Counts 1 and 2 should merge for purposes of sentencing, and the state again opposed merger. The trial court determined the two murder counts did not merge and imposed two life sentences with the possibility of parole after 15 years as to Counts 1 and 2. The trial court ordered the sentences to run consecutively, resulting in an aggregate prison sentence of life with parole eligibility after 30 years.

{¶ 9} Appellant now appeals that judgment.

### III. Assignment of Error

{¶ 10} In challenging the judgment on appeal, appellant raises the following assignment of error:

> The trial court erred by denying appellant's motion to merge Count 2 murder with Count 1 murder as an allied offense of similar import.

4.

## IV. Analysis

{¶ 11} In his sole assignment of error, appellant challenges the trial court's refusal to merge Counts 1 and 2 at sentencing as error. We review the merger decision de novo. *State v. Washington,* 2021-Ohio-760, ¶ 21 (6th Dist.), citing *State v. Johnson,* 2018-Ohio-1657, ¶ 38 (6th Dist.).

{¶ 12} Appellant was charged in Counts 1 and 2 of the indictment with murder in violation of R.C. 2903.02(A) and (D) and 2929.02(B). Appellant entered a guilty plea to two counts of murder, as charged in the indictment, and he does not contest his guilt. Instead, appellant argues he acted with a single animus in stabbing A.R., with the death of A.R.'s unborn child a consequence. Appellant also argues that, despite admitting his guilt to the second murder charge, he did not kill a "person" within the meaning of R.C. 2901.02(B)(1)(a)(ii), and the state failed to place evidence in the record demonstrating A.R. was carrying a viable fetus.

{¶ 13} The indictment charged appellant with two violations of R.C. 2903.02(A), which provides, "(A) No person shall purposely cause the death of another or the unlawful termination of another's pregnancy." Pursuant to R.C. 2903.02(D), offenders found guilty under this section "shall be punished as provided in section 2929.02 of the Revised Code." That section provides for imprisonment "for an indefinite term of fifteen years to life" as penalty for murder or unlawful termination of pregnancy under R.C. 2903.02. *See* R.C. 2929.02(B).

5.

{¶ 14} In arguing merger, appellant argues that the state failed to prove A.R.'s unborn child was a viable fetus, and therefore, his two murder convictions should have merged. Appellant does not address the fact that he entered a guilty plea to both charges, with separate victims, but instead attempts to nullify the conviction for Count 2 based on his claim that he could not be punished for unlawfully causing the termination of A.R.'s pregnancy, because her unborn child was not a viable fetus. Appellant attempts to distinguish between conviction, for purposes of R.C. 2903.02, and punishment for purposes of merger and R.C. 2952.25, arguing his two convictions did not result in two victims. In support, appellant argues A.R.'s unborn child was not viable, a claim with no factual support in the record.

{¶ 15} Appellant's guilty plea precludes any claim of error premised on matters occurring prior to the entry of his plea. *State v. Fitzpatrick,* 2004-Ohio-3167, ¶ 78, citing *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). Guilty pleas are "confession of the facts charged in indictments." *State v. Swazey,* 2023-Ohio-4627, ¶ 30, citing *Class v. United States,* 583 U.S. 174, 182-183 (2018). By pleading guilty, a defendant also admits to committing a substantive crime, and stipulates that the state may proceed to sentence "as if it had proved at trial that he committed the offense charged." *Flenoy v. Ohio Adult Parole Auth.,* 56 Ohio St.3d 131, 133 (1990), citing *United States v. Broce,* 488 U.S. 563, 570 (1989); *see also State v. Davis,* 2022-Ohio-4767, ¶ 29 (6th Dist.).

{¶ 16} In his sentencing memorandum, appellant argued in favor of merger, citing authority on the issue of merger where one victim was an unborn child. Appellant

6.

admitted guilt to Count 2, relative to the termination of A.R.'s pregnancy, and appellant's authority was distinguishable because the cases he cited involved the determination of guilt in a trial, and not admission by guilty plea. *See, e.g., State v. Johnson,* 2022-Ohio-4641, ¶ 19 (8th Dist.) (the coroner testified the fetus was viable, but for the gunshot wounds inflicted by the defendant); *State v. Hopkins*, 2018-Ohio-1864, ¶ 47 (the issue of viability was not contested at trial).

{¶ 17} On appeal, appellant acknowledges he admitted guilt to both murder counts but challenges the facts that demonstrate a second victim, relative to his conviction in Count 2, contesting the issue of viability of the unborn child. Appellant raised his "personhood" argument in the trial court, after he entered his guilty plea and was found guilty by the trial court. He now relies on the lack of a record, resulting in part from his guilty plea, to challenge the issue of viability on appeal. He now argues that the state was required to prove A.R.'s unborn child was a viable fetus at his sentencing hearing. In support of this argument, appellant cites to no authority placing such a burden on the state. A review of applicable statutes demonstrates that "viability" is not an element of the offense.

{¶ 18} R.C. 2903.09 defines the "unlawful termination of another's pregnancy" as follows:

> As used in sections 2903.01 to 2903.08 … of the Revised Code: "Unlawful termination of another's pregnancy" means causing the death of an unborn member of the species homo sapiens, who is or was carried in the womb of

7.

another, as a result of injuries inflicted during the period that begins with fertilization and that continues unless and until live birth occurs.

R.C. 2903.09(A).

{¶ 19} Appellant entered a guilty plea to violation of R.C. 2903.02(A), charging him with the unlawful termination of A.R.'s pregnancy. Thus, applying the definition in R.C. 2903.09, viability was not an element of the offense. Other courts, applying the statute, have specifically noted that "criminal liability may be premised upon the death of a non-viable fetus." *State v. Feller,* 2012-Ohio-6016, ¶ 35 (1st Dist.).

{¶ 20} In this case, however, appellant entered a guilty plea to the offense, without challenging the viability of A.R.'s unborn child. Therefore, to the extent that appellant now argues the potential of a victim-less crime, based on viability of the fetus, he failed to challenge the provisions of R.C. 2903.02(A) and R.C. 2903.09 at the time of indictment or at any time prior to his guilty plea. Because the record is silent on the issue of viability, and because appellant entered his guilty plea prior to any challenge to the statutes, the trial court did not err in finding merger did not apply based on the record before the trial court at the time of sentencing.

{¶ 21} Based on the forgoing, we find appellant's sole assignment of error not well-taken.

## V. Conclusion

**{¶ 22}** Finding substantial justice has been done, we affirm the judgment of the Wood County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.          _____

                                                        JUDGE

Gene A. Zmuda, J.

                                                      _____

Myron C. Duhart, J.                        JUDGE
CONCUR.

                                                      _____

                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.